Christopher J. Keller (CK-2347)
Alan I. Ellman (AE-7347)
Stefanie J. Sundel (SS-8168)
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Attorneys for the SRS Investor Group
and Proposed Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEVEN NOVICK, On Behalf of Himself and All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>    vs.<br><br>PROSHARES TRUST; PROSHARE ADVISORS LLC; SEI INVESTMENTS DISTRIBUTION CO.; MICHAEL L. SAPIR; LOUIS M. MAYBERG; RUSSELL S. REYNOLDS, III; MICHAEL WACHS; and SIMON D. COLLIER,<br><br>                              Defendants. | Electronically Filed<br><br>Civil Action No. 1:09-cv-06935-JGK<br><br>Judge John G. Koeltl |

*(Additional captions on following page)*

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF
THE SRS INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT
<u>AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

| | |
|---|---|
| JACK McBRIDE, On Behalf of Himself and All Others Similarly Situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>PROSHARES TRUST; PROSHARE ADVISORS LLC; SEI INVESTMENTS DISTRIBUTION CO.; MICHAEL L. SAPIR; LOUIS M. MAYBERG; RUSSELL S. REYNOLDS, III; MICHAEL WACHS; and SIMON D. COLLIER,<br><br>　　　　　　　　　　Defendants. | Electronically Filed<br><br>Civil Action No. 1:09-cv-07392-JGK<br><br>Judge John G. Koeltl |
| MITCHELL HIRTH, On Behalf of Himself and All Others Similarly Situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>PROSHARES TRUST; PROSHARE ADVISORS LLC; SEI INVESTMENTS DISTRIBUTION CO.; MICHAEL L. SAPIR; LOUIS M. MAYBERG; RUSSELL S. REYNOLDS, III; MICHAEL WACHS; and SIMON D. COLLIER,<br><br>　　　　　　　　　　Defendants. | Electronically Filed<br><br>Civil Action No. 1:09-cv-07505-JGK<br><br>Judge John G. Koeltl |
| RICHARD C. BOLTON, On Behalf of Himself and All Others Similarly Situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>PROSHARES TRUST; PROSHARE ADVISORS LLC; SEI INVESTMENTS DISTRIBUTION CO.; MICHAEL L. SAPIR; LOUIS M. MAYBERG; RUSSELL S. REYNOLDS, III; MICHAEL WACHS; and SIMON D. COLLIER,<br><br>　　　　　　　　　　Defendants. | Electronically Filed<br><br>Civil Action No. 1:09-cv-08200-JGK<br><br>Judge John G. Koeltl |

Class members Gil Michaels, as Trustee of the Gilbert Neal Michaels Separate Property Trust of May 5, 2003, the Compassion for Animals Foundation Inc., Michael Winnick, Charles Sankowich, and David Gurfein (collectively, the "SRS Investor Group") respectfully submit this Memorandum of Law in support of their motion, pursuant to Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§ 77k and 77o, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an order: (i) consolidating the above-captioned, related securities fraud actions against ProShares Trust ("ProShares"); (ii) appointing the SRS Investor Group as Lead Plaintiff of a class of purchasers of the UltraShort Real Estate ProShares Fund (the "SRS Fund"), an exchange traded fund ("ETF") offered by ProShares; (iii) approving the SRS Investor Group's selection of Labaton Sucharow LLP ("Labaton Sucharow") as Lead Counsel for the Class; and (iv) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

This case alleges that ProShares and certain of its officers and directors (collectively, "Defendants") violated the federal securities laws by issuing materially false and misleading statements concerning the intended functioning of the SRS Fund. The above-captioned actions (collectively, the "Action") are brought on behalf of all persons who purchased or otherwise acquired shares in the SRS Fund pursuant or traceable to ProShares' false and misleading Registration Statement, Prospectuses, and Statements of Additional Information issued in connection with the SRS Fund's shares, seeking to recover damages caused by Defendants' violations of the federal securities laws (the "Class").

Pursuant to the PSLRA, the Court should appoint the "most adequate plaintiff" to serve as lead plaintiff in the action. 15 U.S.C. § 77z-1(a)(3)(B)(i). In that regard, the Court should

determine, among other things, which movant has the "largest financial interest" in the relief sought by the Class in this litigation and has made a *prima facie* showing that it is an adequate class representative under Rule 23 of the Federal Rules of Procedure ("Rule 23"). 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). Having suffered losses totaling approximately $1.9 million as a result of their investments in the SRS Fund, the SRS Investor Group believes it has suffered the largest financial loss of any other movant seeking appointment as lead plaintiff in the matter and, as such, has the largest financial interest in the outcome of this litigation. *See* Certifications and Loss Analyses, Exs. A and B to the accompanying Declaration of Christopher J. Keller ("Keller Decl."). The SRS Investor Group also satisfies the adequacy and typicality requirements of Rule 23, as discussed *infra*. The SRS Investor Group is a cohesive group of investors who have communicated about the Action and their motion via a conference call and who submit herewith a joint declaration articulating their commitment to oversee their counsel's prosecution of the Action. *See* Joint Declaration of Gil Michaels, Michael Winnick, Charles Sankowich, and David Gurfein in Support of their Motion for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel ("Jt. Decl."), Keller Decl. Ex. C. The SRS Investor Group is therefore the "most adequate plaintiff" and should be appointed Lead Plaintiff.

Pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(v), the lead plaintiff shall, subject to court approval, select and retain counsel to represent the class. The SRS Investor Group's selection of Labaton Sucharow as Lead Counsel should be approved because, as demonstrated below, the firm has successfully litigated securities class actions for decades and has the requisite experience and resources to prosecute this Action.

## STATEMENT OF FACTS

ProShares sells its Ultra and UltraShort ETFs as "simple" directional plays. As marketed

by ProShares, Ultra ETFs are designed to go up when markets go up; UltraShort ETFs are designed to go up when markets go down.  The SRS Fund is one of ProShares' UltraShort ETFs.  The SRS Fund seeks investment results that correspond to twice the inverse (–200%) of the daily performance of the Dow Jones U.S. Real Estate Index ("DJREI"), which measures the performance of the real estate sector of the U.S. equity market.  Accordingly, the SRS Fund is supposed to deliver double the inverse return of the DJREI, which fell approximately 39.2 percent from January 2, 2008 through December 17, 2008, ostensibly creating a profit for investors who anticipated a decline in the U.S. real estate market.  In other words, the SRS Fund should have appreciated by 78.4 percent during this period.  However, the SRS Fund actually fell approximately 48.2 percent during this period—the antithesis of a directional play.

The Action alleges the Defendants violated the Securities Act by failing to disclose that the SRS Fund is altogether defective as a directional investment play.  Defendants failed to disclose the following risks in the Registration Statement: (1) inverse correlation between the SRS Fund and the DJREI over time would only happen in the rarest of circumstances, and inadvertently if at all; (2) the extent to which performance of the SRS Fund would inevitably diverge from the performance of the DJREI—*i.e.*, the probability, if not certainty, of spectacular tracking error; (3) the severe consequences of high market volatility on the SRS Fund's investment objective and performance; (4) the severe consequences of inherent path dependency in periods of high market volatility on the SRS Fund's performance; (5) the role the SRS Fund plays in increasing market volatility, particularly in the last hour of trading; (6) the consequences of the SRS Fund's daily hedge adjustment always going in the same direction as the movement of the underlying index, notwithstanding that it is an inverse-leveraged ETF; (7) that the SRS Fund causes dislocations in the stock market; and (8) that the SRS Fund offers a seemingly

straightforward way to obtain desired exposure, but such exposure is not attainable through the SRS Fund.

## ARGUMENT

### I.  THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation pursuant to Rule 42(a) of the Federal Rules of Procedure ("Rule 42(a)") is proper when actions involve common questions of law and fact. *See Weltz v. Lee,* 199 F.R.D. 129, 131 (S.D.N.Y. 2001). The Court has broad discretion under this Rule to consolidate cases pending within its District. *Johnson v. Celotex Corp.,* 899 F.2d 1281, 1284 (2d Cir. 1990). Courts recognize that class action shareholder suits are ideally suited for consolidation because their unification expedites proceedings, reduces duplication, and minimizes the expenditure of time and money by all concerned. *See id.* at 1285.

The Actions pending before this Court present similar factual and legal issues, as they all involve the same subject matter and present similar legal issues. Each is based on the same wrongful course of conduct, namely Defendants' representations regarding the intended functioning of the SRS Fund, and names the same defendants. Because the Actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate.

### II.  THE SRS INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

#### A.  The Procedural Requirements Pursuant to the PSLRA

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 77z-1(a)(3). First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for

appointment as lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(A)(i). The plaintiff who filed the first complaint in this Action, represented by Labaton Sucharow, published a notice on *Globe Newswire* on August 6, 2009. *See* Notice, Keller Decl., Ex. D. This notice indicated that applications for appointment as lead plaintiff were to be made no later than October 5, 2009. Within 60 days after publication of the required notice, any member or members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in this action. 15 U.S.C. § 77z-1(a)(3)(A) and (B).

Next, according to the PSLRA, the Court shall appoint as lead plaintiff the movant that the Court determines to be most capable of adequately representing the interests of class members within 90 days after publication of the initial notice of pendency. 15 U.S.C. § 77z-1(a)(3)(B)(i). In determining who is the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that –
>
>   (aa)  has either filed the complaint or made a motion in response to a notice . . .
>
>   (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
>   (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); *Glauser v. EVCI Career Colleges Holding Corp.*, 236 F.R.D. 184, 187 (S.D.N.Y. 2006) (McMahon, J.).

### B. The SRS Investor Group is the "Most Adequate Plaintiff"

#### 1. The SRS Investor Group Has Made a Timely Motion for Appointment as Lead Plaintiff

Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the notice, the SRS Investor Group timely moves this Court to be appointed Lead

- 5 -

Plaintiff, on behalf of all plaintiffs and class members covered by the Action.

### 2. The SRS Investor Group Has the Largest Financial Interest in the Outcome of the Action

Pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I), the statutory presumption is that the "most adequate plaintiff" is the class member who "has the largest financial interest in the relief sought by the class" that also satisfies the applicable requirements of Rule 23. *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001). As illustrated in the loss calculations submitted with its motion, the SRS Investor Group suffered a loss of $1.9 million on its Class Period investments in the SRS Fund. *See* Keller Decl., Ex. B. Accordingly, the SRS Investor Group believes that it has the largest financial interest of any lead plaintiff candidate before the Court and, thus, should be appointed Lead Plaintiff.

### 3. The SRS Investor Group Otherwise Satisfies Rule 23

According to 15 U.S.C. § 77z-1(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two—typicality and adequacy—directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the

lead plaintiff moves for class certification. *See Glauser*, 236 F.R.D. at 188 (quoting *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (Brieant, J.)). As detailed below, the SRS Investor Group satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

### (a) The SRS Investor Group Fulfills the Typicality Requirement

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Typicality exists "where the claims of the Lead Plaintiff arise [from] the same course of conduct that gives rise to the claims of the other class members, where these claims are based on the same legal theory, and where the class members and Lead Plaintiff were injured by the same conduct." *Glauser,* 236 F.R.D at 188-89 (citation omitted). However, the claims of the lead plaintiff need not be identical to the claims of the class to satisfy typicality. *See Constance Sczensy Trust v. KPMG LLP,* 223 F.R.D. 319, 325 (S.D.N.Y. 2004) (Stein, J.).

The SRS Investor Group seeks to represent a class of purchasers of SRS Fund shares who have identical, non-competing, and non-conflicting interests. The SRS Investor Group satisfies the typicality requirement because it: (1) purchased or acquired shares of the SRS Fund during the Class Period, (2) at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) suffered damages upon disclosure of the truth. *See Glauser*, 236 F.R.D. at 189 (discussing the typicality requirement). Thus, the SRS Investor Group's claims are typical of those of other class members, since their claims and the claims of other class members arise out of the same course of events.

### (b) The SRS Investor Group Fulfills the Adequacy Requirement

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The adequacy requirement is satisfied where the

proposed lead plaintiff "does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class that he seeks to represent." *Glauser*, 236 F.R.D. at 189 (citation omitted). The SRS Investor Group's interests in this Action are perfectly aligned with the interests of absent class members, and Labaton Sucharow, its selected lead counsel, has decades of experience effectively prosecuting securities class actions.

In addition to satisfying the adequacy and typicality requirements of Rule 23, the SRS Investor Group is a cohesive group of investors who participated in a conference call prior to the filing of the instant motion and exercised a joint declaration emphasizing their commitment to serve the interests of the Class and to oversee their counsel's prosecution of the litigation. *See* Jt. Decl, Keller Decl. Ex. C. Specifically, the members of the SRS Investor Group have created mechanisms for cooperation, communication, and decision-making. *See id.* at ¶¶ 8-9, 12-13. Accordingly, the Court can be assured that the SRS Investor Group and its selected counsel will more than adequately protect the interests of absent class members.

### III.    THE COURT SHOULD APPROVE THE SRS INVESTOR GROUP'S CHOICE OF COUNSEL

Pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(v), the lead plaintiff shall, subject to Court approval, select and retain counsel to represent the Class. Labaton Sucharow has had a leading role in numerous important actions on behalf of defrauded investors. Labaton Sucharow served as lead counsel in the Waste Management securities litigation, which resulted in a settlement of $457 million, one of the largest common-fund securities class action settlements ever achieved at that time. *See* Labaton Sucharow Firm Resume, Keller Decl., Ex. E; *see also In re Waste Mgmt., Inc. Sec. Litig.,* 128 F. Supp. 2d 401, 432 (S.D. Tex. 2000) (stating that Labaton Sucharow "ha[s] been shown to be knowledgeable about and experienced in federal securities fraud class

actions"). Also, Labaton Sucharow is currently serving as lead or co-lead counsel in the securities fraud cases against American International Group, HealthSouth, Countrywide, Bear Stearns, Fannie Mae, Satyam, Royal Bank of Scotland, and others. In *In re Monster Worldwide, Inc. Sec. Litig.,* No. 07-cv-2237 (S.D.N.Y. filed Mar. 15, 2007), Judge Rakoff appointed Labaton Sucharow as lead counsel, stating that "the Labaton firm is very well known to . . . courts for the excellence of its representation." (*Id.,* Hr'g Tr. 24:25-25:1, June 14, 2007).

## CONCLUSION

For the foregoing reasons, the SRS Investor Group respectfully requests that the Court: (i) consolidate the above-captioned actions; (ii) appoint the SRS Investor Group as Lead Plaintiff; (iii) approve Labaton Sucharow LLP as Lead Counsel for the Class; and (iv) grant such other and further relief as the Court may deem just and proper.

Dated: October 5, 2009                    Respectfully submitted,

**LABATON SUCHAROW LLP**

By:  */s/ Christopher J. Keller*

Christopher J. Keller (CK-2347)
Alan I. Ellman (AE-7347)
Stefanie J. Sundel (SS-8168)
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Attorneys for the SRS Investor Group
and Proposed Lead Counsel for the Class*