UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

───────────────────────────────

STEVEN NOVICK, on Behalf of Himself and All Others
Similarly Situated,

Plaintiff,

v.                                          No. 09 Civ. 6935 (JGK)

PROSHARES TRUST; PROSHARE ADVISORS LLC; SEI          ECF Case
INVESTMENTS DISTRIBUTION CO.; MICHAEL L.
SAPIR; LOUIS M. MAYBERG; RUSSELL S. REYNOLDS,
III; MICHAEL WACHS; and SIMON D. COLLIER,

Defendants.

───────────────────────────────

CHARLES SANKOWICH, on Behalf of Himself and All
Others Similarly Situated,

Plaintiff,

v.                                          No. 09 Civ. 7356 (JGK)

PROSHARES TRUST; PROSHARE ADVISORS LLC; SEI          ECF Case
INVESTMENTS DISTRIBUTION CO.; MICHAEL L.
SAPIR; LOUIS M. MAYBERG; RUSSELL S. REYNOLDS,
III; MICHAEL WACHS; and SIMON D. COLLIER,

Defendants.

───────────────────────────────

[caption continues on next page]

**MEMORANDUM OF LAW IN SUPPORT OF THE
PROSHARES DEFENDANTS' MOTION TO CONSOLIDATE**

JACK MCBRIDE, on Behalf of Himself and all Others
Similarly Situated,

    Plaintiff,

  v.

No. 09 Civ. 7392 (JGK)

PROSHARES TRUST; PROSHARE ADVISORS LLC; SEI
INVESTMENTS DISTRIBUTION CO.; MICHAEL L.
SAPIR; LOUIS M. MAYBERG; RUSSELL S. REYNOLDS,
III; MICHAEL WACHS; and SIMON D. COLLIER,

ECF Case

    Defendants.

MITCHELL HIRTH, on behalf of himself and all others
similarly situated,

    Plaintiff,

  v.

No. 09 Civ. 7505 (JGK)

PROSHARES TRUST, PROSHARE ADVISORS LLC, SEI
INVESTMENTS DISTRIBUTION CO., MICHAEL L.
SAPIR, LOUIS M. MAYBERG, RUSSELL S. REYNOLDS,
III, MICHAEL WACHS, and SIMON COLLIER,

ECF Case

    Defendants.

DAVID MARCONI, on behalf of himself and all others
similarly situated,

    Plaintiff,

  v.

No. 09 Civ. 8089 (JGK)

PROSHARES TRUST, PROSHARE ADVISORS LLC, SEI
INVESTMENTS DISTRIBUTION CO., MICHAEL L.
SAPIR, LOUIS M. MAYBERG, RUSSELL S. REYNOLDS,
III, MICHAEL WACHS, and SIMON COLLIER,

ECF Case

    Defendants.

RICHARD C. BOLTON, on Behalf of Himself and All
Others Similarly Situated,

                Plaintiff,

        v.

PROSHARES TRUST; PROSHARE ADVISORS LLC; SEI
INVESTMENTS DISTRIBUTION CO.; MICHAEL L.
SAPIR; LOUIS M. MAYBERG; RUSSELL S. REYNOLDS,
III; MICHAEL WACHS; and SIMON D. COLLIER,

                Defendants.

No. 09 Civ. 8200 (JGK)

ECF Case

---

FENG CHEN and LIN QIAO, on Behalf of Themselves and
All Others Similarly Situated,

                Plaintiffs,

        v.

PROSHARES TRUST; PROSHARE ADVISORS LLC; SEI
INVESTMENTS DISTRIBUTION CO.; MICHAEL L.
SAPIR; LOUIS M. MAYBERG; RUSSELL S. REYNOLDS,
III; MICHAEL WACHS; and SIMON D. COLLIER,

                Defendants.

No. 09 Civ. 8202 (JGK)

ECF Case

---

ROBERT KNOBEL, on behalf of himself and all others
similarly situated,

                Plaintiff,

        v.

PROSHARES TRUST, PROSHARE ADVISORS LLC, SEI
INVESTMENTS DISTRIBUTION CO., MICHAEL L.
SAPIR, LOUIS M. MAYBERG, RUSSELL S. REYNOLDS,
III, MICHAEL WACHS, and SIMON COLLIER,

                Defendants.

No. 09 Civ. 8293 (JGK)

ECF Case

JACOB CHENE NORMAND, on behalf of himself and all others similarly situated,

                 Plaintiff,

      v.

PROSHARES TRUST, PROSHARE ADVISORS LLC, SEI INVESTMENTS DISTRIBUTION CO., MICHAEL L. SAPIR, LOUIS M. MAYBERG, RUSSELL S. REYNOLDS, III, MICHAEL WACHS, and SIMON COLLIER,

                 Defendants.

No. 09 Civ. 8327 (JGK)

ECF Case

KAREN WORDEN, on behalf of himself and all others similarly situated,

                 Plaintiff,

      v.

PROSHARES TRUST, PROSHARE ADVISORS LLC, SEI INVESTMENTS DISTRIBUTION CO., MICHAEL L. SAPIR, LOUIS M. MAYBERG, RUSSELL S. REYNOLDS, III, MICHAEL WACHS, and SIMON COLLIER,

                 Defendants.

No. 09 Civ. 8662 (UA)

ECF Case

## **TABLE OF CONTENTS**

**Page**

BACKGROUND ........................................................................................................2

ARGUMENT............................................................................................................7

I.    THE RELATED ACTIONS SHARE COMMON QUESTIONS OF LAW
      AND FACT ....................................................................................................7

II.   CONSOLIDATION WILL PROMOTE JUDICIAL ECONOMY AND
      CONSERVE RESOURCES..........................................................................10

CONCLUSION.......................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Bank of Montreal v. Eagle Assocs.*,
117 F.R.D. 530 (S.D.N.Y. 1987) .........................................................................................9

*Cohn v. Mass. Mut. Life Ins. Co.*,
189 F.R.D. 209 (D. Conn. 1999).........................................................................................13

*Ellenburg v. JA Solar Holdings Co. Ltd.*,
No. 08 Civ. 10475(JGK), 2009 WL 1033362 (S.D.N.Y. Apr. 17, 2009) ..................................7

*Glauser v. EVCI Ctr. Colls. Holding Corp.*,
236 F.R.D. 184 (S.D.N.Y. 2006) ........................................................................................8

*In re Dreyfus Aggressive Growth Mut. Fund Litig.*,
No. 98 Civ. 4318(HB), 2000 WL 1357509 (S.D.N.Y. Sept. 20, 2000)...................................10

*In re Gen. Elec. Secs. Litig.*,
No. 09 Civ. 1951(DC), 2009 WL 2259502 (S.D.N.Y. July 29, 2009) ....................................13

*In re Global Crossing, Ltd. Secs. Litig.*,
313 F. Supp. 2d 189 (S.D.N.Y. 2003)............................................................................11, 12

*In re Initial Pub. Offering Secs. Litig.*,
214 F.R.D. 117 (S.D.N.Y. 2002) .......................................................................................12

*In re Olsten Corp. Secs. Litig.*,
3 F. Supp. 2d 286 (E.D.N.Y. 1998) .....................................................................................9

*In re Orion Secs. Litig.*,
No. 08 Civ. 1328(RJS), 2008 WL 2811358 (S.D.N.Y. July 8, 2008) .....................................7

*Johnson v. Celotex Corp.*,
899 F.2d 1281 (2d Cir. 1990)...............................................................................................7

*Kaplan v. Gelfond*,
240 F.R.D. 88 (S.D.N.Y. 2007) .........................................................................................13

*McGraw-Hill Cos. v. Int'l Secs. Exch., Inc.*,
No. 05 Civ. 1129(HB), 2005 WL 2100518 (S.D.N.Y. Sept. 1, 2005).....................................2

*Mitchell v. Complete Mgmt., Inc.*,
No. 99 Civ. 1454(DAB), 1999 WL 728678 (S.D.N.Y. Sept. 17, 1999)..................................10

*Pinkowitz v. Elan Corp., PLC*,
    No. 02 Civ. 865(WK), 2002 WL 1822118 (S.D.N.Y. July 29, 2002) ............................7, 8, 10

*Primavera Familienstiftung v. Askin*,
    178 F.R.D. 405 (S.D.N.Y. 1998) ..........................................................................................12

*Seidel v. Noah Educ. Holdings Ltd.*,
    No. 08 Civ. 9203(RJS), 2009 WL 700782 (S.D.N.Y. Mar. 9, 2009) .......................................7

*Sofran v. LaBranche & Co.*,
    220 F.R.D. 398 (S.D.N.Y. 2004) ............................................................................................8

*Walker v. Deutsche Bank, A.G.*,
    No. 04 Civ. 1921(DAB), 2005 WL 2207041 (S.D.N.Y. Sept. 6, 2005).................................10

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*,
    216 F.R.D. 248 (S.D.N.Y. 2003) ..........................................................................................11

*Werner v. Satterlee, Stephens, Burke & Burke*,
    797 F. Supp. 1196 (S.D.N.Y. 1992)........................................................................................8

## STATUTES

15 U.S.C. § 78u-4 ............................................................................................................10, 13

28 U.S.C. § 1407...................................................................................................................5

15 U.S.C. § 77k................................................................................................................ passim

15 U.S.C. § 77o................................................................................................................ passim

15 U.S.C. § 80a-8.................................................................................................................3

## OTHER AUTHORITIES

Fed. R. Civ. P. 23 ...............................................................................................................12

Fed. R. Civ. P. 42(a) ...................................................................................................... passim

Pursuant to Fed. R. Civ. P. 42(a), defendants ProShares Trust, ProShare Advisors LLC, SEI Investments Distribution Co., Michael L. Sapir, Louis M. Mayberg, and Simon D. Collier (collectively, "the ProShares Defendants")[1] hereby submit this memorandum of law in support of their motion to consolidate the above-captioned actions for all purposes.

Since August 5, 2009, ten virtually identical suits (the "Related Actions") have been filed against the ProShares Defendants in the Southern District of New York.[2] Nine have been accepted by this Court as related cases, and the tenth was recently referred to this Court as potentially related. All ten are two-count putative securities class actions alleging violations of Sections 11 and 15 of the Securities Act of 1933 (the "1933 Act"), 15 U.S.C. §§ 77k, 77o. The complaints arise from plaintiffs' investments in certain leveraged and inverse exchange-traded funds ("ETFs"), which were offered by ProShares pursuant to a *single* registration statement. Each complaint asserts the same factual and legal theories – often verbatim – and relies upon the same alleged misstatements and omissions in the *same* set of disclosure documents. In short, all ten cases could easily have been brought as a single action.

On October 5, 2009, ten lead plaintiff motions were filed in the first of the Related Actions. A second set of movants has today filed additional motions seeking lead plaintiff status in the second of the Related Actions. Several of these motions seek consolidation of all cases relating to a single fund, but some seek consolidation of a broader group, including at least one that seeks consolidation of all Related Actions.[3] Because all of the cases pending before the Court share common questions of law and fact, consolidation of the Related Actions and

---

[1] Defendants ProShares Trust and ProShare Advisors LLC are referred to collectively as ProShares.

[2] In addition to the ProShares Defendants, independent trustees Russell S. Reynolds, III and Michael Wachs – who join in this Motion – are named as defendants in all of the Related Actions.

[3] The ProShares Defendants are also filing today their response to the first set of lead plaintiff motions.

appointment of a single lead plaintiff will avoid duplicative litigation, promote judicial economy, and best serve the principles underlying the Private Securities Litigation Reform Act of 1995 ("PSLRA").  Under Rule 42(a), the ProShares Defendants accordingly request that the Court consolidate all ten of the Related Actions for all purposes.

## **BACKGROUND**

### *The Complaints*

Since August 5, 2009, ten actions alleging violations of Sections 11 and 15 of the 33 Act have been filed against the ProShares Defendants in the Southern District of New York.  Nine have been accepted by this Court as related actions, while the tenth was referred to the Court as potentially related on October 12, 2009.  *See* Declaration of Robert A. Skinner in Supp. of the ProShares Defendants' Mot. to Consolidate ("Skinner Decl.") ¶¶ 3-12.[4]

Each plaintiff in the Related Actions invested in one of five "Ultra" or "UltraShort" ETFs offered by ProShares:  the UltraShort Real Estate, UltraShort Financials, UltraShort Oil and Gas, UltraShort Dow 30, and Ultra Financials Funds.  These funds – also known as inverse and leveraged ETFs – aim to earn a return that is a multiple of the daily return of the benchmark indices they track, or the inverse of such an index return.[5]  *See, e.g.*, Novick Compl. ¶ 6.  As

---

[4] Copies of the complaints in the Related Actions are attached to the Skinner Declaration as Exhibits 1 through 10.  Citations to complaints throughout this memorandum refer to the plaintiff's name (*e.g.*, "McBride Compl. ¶ __").  Citations to all other exhibits to the Skinner Declaration refer to exhibit number (*e.g.*, "Ex. 18").

[5] A traditional ETF is an investment vehicle that, like mutual funds, "allows investors to participate in the performance of an established market index without having to purchase the basket of individual securities that comprise the index."  *McGraw-Hill Cos. v. Int'l Secs. Exch., Inc.*, No. 05 Civ. 1129(HB), 2005 WL 2100518, at *2 (S.D.N.Y. Sept. 1, 2005).  A leveraged ETF seeks to achieve a return that is a multiple of the return of the index that it tracks, while an inverse ETF seeks to achieve a return that is the inverse of the return of the index that it tracks.

plaintiffs recognize, leveraged and inverse ETFs typically seek to achieve their investment objectives on a "daily" (rather than longer-term) basis. *See, e.g.*, Novick Compl. ¶ 48.[6]

While there are ten pending actions, only five funds are currently at issue, due to overlap across the cases. Four of the Related Actions (*Novick*, *McBride*, *Hirth*, and *Bolton*) involve the UltraShort Real Estate Fund. Three other Related Actions (*Sankowich*, *Marconi*, and *Chen*) involve the UltraShort Financials Fund.[7] A chart setting forth the plaintiffs and funds involved is attached hereto as Exhibit 21. Particularly relevant for present purposes, all five of the funds are covered by a single registration statement, updated at least annually (the "Registration Statement").[8] Thus, *the same Registration Statement contains all relevant disclosures in these actions*.

Further, all five of the funds share essentially the same investment objective. For example, as set forth in ProShares's Registration Statement filed September 28, 2007, the UltraShort Financials Fund, an inverse fund, "seeks daily investment results, before fees and expenses, that correspond to twice (200%) the inverse (opposite) of the daily performance of the Dow Jones U.S. Financials Index." Ex. 19, at 92. The other four funds share the exact same investment objective, save for the relevant index and multiple. *Id.* at 50, 75, 98, 100.

Each plaintiff alleges that ProShares' Registration Statement misled investors by promising that the UltraShort ETFs would "go up" if their respective benchmark indices "go

---

[6] *See also* Sankowich Compl. ¶ 49; McBride Compl. ¶ 51; Hirth Compl. ¶ 58; Marconi Compl. ¶ 58; Knobel Compl. ¶ 57; Normand Compl. ¶ 56; Worden Compl. ¶ 52.

[7] As discussed further below, Mr. Sankowich – the named plaintiff in the second of the above-captioned actions, which was the first-filed suit concerning the UltraShort Financials Fund – was apparently also an investor in the UltraShort Real Estate Fund and seeks lead plaintiff status as to that Fund.

[8] ProShares Trust is a Delaware statutory trust registered with the Securities and Exchange Commission ("SEC") under Section 8(a) of the Investment Company Act of 1940, 15 U.S.C. § 80a-8. Each ProShares fund is considered a series of the Trust, and all of the funds at issue are thus covered by a single registration statement, which consists in part of the prospectus for the funds. Pursuant to SEC Rules, the registration statement (and incorporated prospectus) is updated at least annually. *See* Skinner Decl. ¶ 19.

down," and – conversely – the Ultra ETFs would "go up when markets go up." *E.g.*, Novick Compl. ¶ 4; Worden Compl. ¶ 6.[9]  According to plaintiffs, each fund in which they invested should, based on the performance of its underlying index, have earned a specific return during periods of 2008 and 2009, but none performed as expected – either sustaining losses, or simply not earning as much as plaintiffs allege they "should" have earned.  *See, e.g.*, Novick Compl. ¶¶ 54-55; Normand Compl. ¶¶ 61-62.[10]  In allegations that often appear verbatim across the complaints, plaintiffs maintain that ProShares' Registration Statement did not adequately disclose that the funds were not designed to – and in fact could not – meet their investment objectives over periods longer than a day.  *See, e.g.*, Novick Compl. ¶¶ 59, 62-71.[11]  Plaintiffs thus contend that ProShares' Registration Statement contained material misstatements and omissions in violation of Sections 11 and 15 of the 1933 Act.  Each seeks damages for his or her investment losses and those of a putative class of similar investors.

### *The Maryland Actions*

In addition to the Related Actions, the ProShares Defendants have also been the subject of three suits (the "Maryland Actions"), which were recently filed in the District of Maryland – the *Ho*, *Rhoads*, and *Bowman* actions.  Plaintiffs in the Maryland Actions also invested in Ultra

---

[9] *See also* Sankowich Compl. ¶ 4; McBride Compl. ¶ 4; Hirth Compl. ¶ 6; Marconi Compl. ¶ 6; Bolton Compl. ¶ 4; Chen Compl. ¶ 4; Knobel Compl. ¶ 6; Normand Compl. ¶ 6.

[10] *See also* Sankowich Compl. ¶¶ 11-12; McBride Compl. ¶¶ 10-11; Hirth Compl. ¶¶ 12-14; Marconi Compl. ¶¶ 63-64; Bolton Compl. ¶¶ 9-10; Chen Compl. ¶¶ 9-10; Knobel Compl. ¶¶ 11-12; Worden Compl. ¶ 11.

[11] *See also* Sankowich Compl. ¶¶ 60, 63-72; McBride Compl. ¶¶ 61, 64-73; Hirth Compl. ¶¶ 66-75; Marconi Compl. ¶¶ 66, 68-73; Bolton Compl. ¶¶ 49-73; Chen Compl. ¶¶ 48-72; Knobel Compl. ¶¶ 65, 67-72; Normand Compl. ¶¶ 64, 66-71; Worden Compl. ¶¶ 60, 62.

and UltraShort ETFs offered by ProShares and alleged violations of Sections 11 and 15 of the 33 Act, under the same factual and legal theories set forth in the instant complaints.[12]

Two of the Maryland Actions – *Rhoads* and *Bowman* – were filed by the law firm of Brower Piven, which also serves as counsel to plaintiffs in the *Chen* and *Bolton* suits before this Court.[13]  Notably, one of the Maryland Actions filed by Brower Piven – the *Bowman* suit – involved seven ProShares ETFs, including four of the five funds at issue in the Related Actions.[14]  *See* Bowman Compl. ¶ 1.  That is, rather than filing a separate action as to each fund, the *Bowman* action instead purported to bring claims on behalf of investors in all seven funds and sought certification of subclasses for each.  *Id.* ¶ 39.

 On September 11, 2009, Maryland plaintiff Samson Ho filed with the Judicial Panel on Multidistrict Litigation a motion seeking consolidation of the six then-pending actions (including four of the actions currently before the Court) in the District of Maryland under 28 U.S.C. § 1407 (the "MDL Motion").  *See* Skinner Decl. ¶ 17; Ex. 14.  The MDL Motion contended that all six actions – which concerned seven ProShares funds – involved "common questions of fact" and thus were suited for "consolidated proceedings" before a single judge.  *See* Ex. 14 at 1.

Shortly before lead plaintiff motions were filed in this Court on October 5, 2009, all litigation activity in Maryland ceased.  On September 30, 2009, Mr. Ho withdrew the MDL Motion.  In quick succession, each of the Maryland plaintiffs voluntarily dismissed their suits, on

---

[12] Charts setting forth the overlapping plaintiffs, defendants, claims, and funds in the Maryland Actions as well as the Related Actions are attached hereto as Exhibit 21.

[13] Brower Piven is also counsel to Susan Asai, who filed a motion for lead plaintiff status on October 5, 2009.  *See* Skinner Decl. ¶ 16; *see also* Rhoads Compl.; Bowman Compl.; Ex. 18.

[14] The *Bowman* suit involved, *inter alia*, the UltraShort Real Estate Fund (at issue in *Novick*, *Hirth*, *McBride*, and *Bolton*); the UltraShort Financials Fund (*Sankowich*, *Marconi*, and *Chen*); the UltraShort Oil and Gas Fund (*Knobel*); and the Ultra Financials Fund (*Worden*).  *See* Ex. 21.

October 2 and October 5, 2009 – leaving only the Related Actions pending before this Court. Skinner Decl. ¶¶ 13-18.

### *The Lead Plaintiff Motions*

On October 5, 2009, ten movants filed motions seeking lead plaintiff status in *Novick*, the first-filed of the Related Actions, involving the UltraShort Real Estate Fund. *See id.* ¶ 20. A second set of lead plaintiff motions has been filed with the Court today, seeking lead plaintiff status as to a second fund – the UltraShort Financials Fund – in the second of the above-captioned actions. *Id.* ¶ 26. Several of the movants seek – in addition to lead plaintiff status – consolidation of various of the Related Actions. Some request that the Court consolidate only the four suits involving the UltraShort Real Estate Fund – *Novick*, *McBride*, *Hirth*, and *Bolton*. Others seek consolidation of a larger group of actions, including (1) Kalvin Kimbrough, who seeks consolidation of nine pending Related Actions, *see id.* ¶ 21; Ex. 15;[15] and (2) James Paul Valancius *et al.*, who seek consolidation of five pending actions, involving both the UltraShort Real Estate and UltraShort Financials Funds, *see id.* ¶ 22; Ex. 16.

Also among the movants is a group of individuals seeking lead plaintiff appointment as the "SRS Investor Group." The SRS Investor Group includes Charles Sankowich, who made his initial appearance in these actions as the named plaintiff in the first suit involving the UltraShort Financials Fund. *See* Skinner Decl. ¶ 23; Exs. 2, 17. Mr. Sankowich now additionally identifies himself as a class member and proposed lead plaintiff of a putative class of investors in the UltraShort Real Estate Fund.

---

[15] When Mr. Kimbrough filed his motion on October 5, 2009, the tenth Related Action – *Worden v. ProShares Trust et al.* – had not yet been filed.

## **ARGUMENT**

Under Rule 42(a) of the Federal Rules of Civil Procedure, the district court may

consolidate actions "involving a common question of law or fact."  Fed. R. Civ. P. 42(a).  Courts

have "broad discretion to determine whether consolidation is appropriate" and have typically

"taken the view that considerations of judicial economy favor consolidation."  *Johnson v.*

*Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990).  Consolidation is "common in federal

securities class actions."  *Pinkowitz v. Elan Corp., PLC*, No. 02 Civ. 865(WK), 2002 WL

1822118, at *2 (S.D.N.Y. July 29, 2002).

## I.     **The Related Actions Share Common Questions of Law and Fact**

The Related Actions share several common questions of law and fact.  As set forth in

Exhibit 21, each complaint names the same set of defendants and raises the same claims under

Sections 11 and 15 of the 1933 Act.  *See, e.g.*, *Seidel v. Noah Educ. Holdings Ltd.*, No. 08 Civ.

9203(RJS), 2009 WL 700782, at *2 (S.D.N.Y. Mar. 9, 2009) (consolidating actions brought

under Sections 11, 12(a)(2) and 15 of the 1933 Act against the same defendants); *In re Orion*

*Secs. Litig.*, No. 08 Civ. 1328(RJS), 2008 WL 2811358, at *3 (S.D.N.Y. July 8, 2008)

(consolidating actions against "the same defendants" for alleged violations of Section 11 of the

1933 Act); *see also Ellenburg v. JA Solar Holdings Co. Ltd.*, No. 08 Civ. 10475(JGK), 2009 WL

1033362, at *1 (S.D.N.Y. Apr. 17, 2009) (consolidating actions brought under Sections 10(b)

and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act")).

Each complaint also arises from the same factual and legal theories:  that ProShares'

disclosures led investors to believe that the funds would increase in value by a multiple or an

inverse of the multiple of their respective benchmark indices' performance; that the funds were

in fact unable to meet this objective over periods longer than a day; that ProShares' disclosures

failed adequately to convey the funds' objectives and risks; and that the defendants therefore

violated their duties under the securities laws.  Questions concerning the nature and adequacy of

ProShares' disclosures will likely be at the crux of each Related Action.  *See Pinkowitz*, 2002

WL 1822118, at *2 (consolidating actions "predicated on the defendants' purported

misstatements and omissions"); *Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 401 (S.D.N.Y.

2004) (consolidating actions involving "similar and overlapping claims brought on behalf of

purchasers . . . who purchased in reliance on the materially false and misleading statements and

omissions"); *Werner v. Satterlee, Stephens, Burke & Burke*, 797 F. Supp. 1196, 1210 (S.D.N.Y.

1992) (consolidating actions in which "the main issue" was "whether the registration statement

and prospectus were false and misleading").

In fact, ProShares' disclosures are the most prominent common fact across the Related

Actions.  A single set of documents resides at the center of each case:  ProShares' Registration

Statement, as updated, which contains the relevant disclosures for *all* of the funds issued by

ProShares Trust, including the funds in which plaintiffs invested.  Consolidation of these

securities class actions based upon a single set of disclosures is "particularly appropriate."

*Glauser v. EVCI Ctr. Colls. Holding Corp.*, 236 F.R.D. 184, 186 (S.D.N.Y. 2006) (consolidating

cases where "the complaints are based on the same public statements and reports" (internal

quotation marks omitted)); *Werner*, 797 F. Supp. at 1211 ("In securities actions where the

complaints are based on the same public statements and reports consolidation is appropriate if

there are common questions of law and fact and the defendants will not be prejudiced." (internal

quotation marks omitted)).

Examination of the September 28, 2007 version of ProShares' Registration Statement is

instructive.  *See* Ex. 19.  The Registration Statement begins with an "Overview of Investment

Objectives, Principal Investment Strategies and Risks," which sets forth information relevant to

all of the funds covered by the Registration Statement, including the five currently at issue.

Included in the Overview is the following disclosure:

> [T]here is a special form of correlation risk that derives from these Funds' use of leverage, which is that for periods greater than one day, the use of leverage tends to cause the performance of a Fund to be either greater than or less than the index performance times the stated multiple in the fund objective, before accounting for fees and fund expenses.

*Id.* at 8.  Whether this disclosure and others like it constituted material misstatements or omissions under the 1933 Act will be at issue in each of the Related Actions.

Indeed, even the separate disclosures for the funds will raise the same questions, since – as an example – the stated investment objective for each fund is identical, save for the relevant underlying index and the multiple.  *Id.* at 50, 75, 92, 98, 100.  Consolidated proceedings will enable the Court to adopt a consistent approach to such common issues in an efficient manner. *See Bank of Montreal v. Eagle Assocs.*, 117 F.R.D. 530, 533 (S.D.N.Y. 1987) (consolidation actions to "prevent . . . conflicting results," where actions "requir[ed] judicial determinations concerning the same facts," since "separate adjudication" could produce "inconsistent results."); *see also In re Olsten Corp. Secs. Litig.*, 3 F. Supp. 2d 286, 294 (E.D.N.Y. 1998) ("[T]he resolution in one litigation of such common questions, relating to the existence, character and materiality of defendants' alleged misrepresentation is both a logical and appropriate way in which to proceed" (internal quotation marks and brackets omitted)).

Consolidation makes particular sense where, as here, all of the Related Actions could easily have been brought as a single action – as evidenced by the *Bowman* complaint.  None involves a unique claim, legal theory, disclosure, or type of fund.  The only difference among the complaints is the particular ProShares Fund at issue, which does not outweigh the common factual and legal questions across the cases – particularly where each of the funds is governed by

the same Registration Statement.  *See Pinkowitz*, 2002 WL 1822118, at *3 ("Neither Rule 42 nor

the PSLRA demands that actions be identical before they may be consolidated." (internal

quotation marks omitted)).  Courts in this district have previously consolidated actions involving

similar claims brought by investors in multiple funds.  *See, e.g.*, *Walker v. Deutsche Bank, A.G.*,

No. 04 Civ. 1921(DAB), 2005 WL 2207041, at *2 (S.D.N.Y. Sept. 6, 2005) (granting motion to

consolidate securities class actions brought by investors in various Scudder mutual funds); *see

also In re Dreyfus Aggressive Growth Mut. Fund Litig.*, No. 98 Civ. 4318(HB), 2000 WL

1357509 (S.D.N.Y. Sept. 20, 2000) (resolving class certification motion in consolidated

securities class action originally brought by investors in various Dreyfus funds); *cf. Mitchell v.

Complete Mgmt., Inc.*, No. 99 Civ. 1454(DAB), 1999 WL 728678, at *2 (S.D.N.Y. Sept. 17,

1999) (consolidating five actions involving "identical" claims "based on the exact same public

statements and reports" against "the same Defendants," where the only difference was in "the

types of securities purchased by Plaintiffs").

## II.    Consolidation Will Promote Judicial Economy and Conserve Resources

Consolidation of the Related Actions will also conserve the Court's time and resources

and promote the purposes of the PSLRA, without prejudicing any of the parties.  As an initial

matter, each of the Related Actions is a putative class action and will therefore require

appointment of lead plaintiff and lead counsel under the PSLRA.  *See* 15 U.S.C. § 78u-4.  The

Court has already received two sets of lead plaintiff motions – some seeking appointment as lead

plaintiff of a putative class of investors in the UltraShort Real Estate Fund, some seeking

appointment as lead plaintiff of a putative class of investors in the UltraShort Financials Fund,

while still others seek to represent a broader class of investors.  *See* Skinner Decl. ¶¶ 20-23, 26;

Exs. 15-17.  Based upon the press releases issued by plaintiffs' counsel, the Court can expect to

receive in the coming weeks papers from numerous additional movants seeking to represent putative classes of investors in yet more ProShares funds.  *See* Skinner Decl. ¶ 26; Ex. 20.

Evaluating all proposed lead plaintiffs at once and selecting a single lead plaintiff to pursue all claims is not only the most efficient manner of proceeding, but also the course most consistent with the principles underlying the PSLRA.  *See, e.g.*, *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 254 (S.D.N.Y. 2003) (concluding that "only one Lead Plaintiff [wa]s necessary" to pursue multiple claims, that "[d]esignating multiple Lead Plaintiffs . . . would fracture the litigation and obstruct any efficient and controlled progress," and would "contravene the purpose of the PSLRA").  Were the Court to follow the suggestion of certain movants and consolidate only those cases involving the UltraShort Real Estate Fund (or any other single fund), the Court would ultimately end up overseeing multiple cases, each involving a single fund, each steered by a different lead plaintiff with different counsel, subject to varying but overlapping discovery and briefing schedules, yet all involving the same Registration Statement, with the same disclosures, the same factual and legal questions, and the same claims.

To avoid such unnecessary chaos, courts have repeatedly rejected efforts to divide claims by investors in different securities or funds into separate lawsuits, where such claims are most efficiently pursued in a single consolidated complaint and by a single lead plaintiff, with subclasses as appropriate.  *See, e.g.*, *In re Global Crossing, Ltd. Secs. Litig.*, 313 F. Supp. 2d 189, 204-05 (S.D.N.Y. 2003) (concluding that "nothing in the PSLRA requires that the lead plaintiffs have standing to assert all of the claims that may be made on behalf of all of the potential classes and subclasses of holders of different categories of security at issue" or "prevent[s] the Lead Plaintiff from constructing a consolidated complaint that brings claims on

behalf of a number of named parties beside the Lead Plaintiffs themselves").[16]  The same logic

applies here, since in the absence of consolidation, "the consequence would be either the

appointment of a large number of lead plaintiffs (undermining the [PSLRA's] goal of a cohesive

leadership and management group) or the premature breakdown of the action into an

unmanageable number of separate cases brought by different lead plaintiffs on behalf of each

potential subclass of securities holders."  *Id.*; *see also In re Initial Pub. Offering Secs. Litig.*, 214

F.R.D. 117, 123 (S.D.N.Y. 2002) ("It stands to reason that in many cases, the instant cases

included, the plaintiff with the largest financial interest may not have standing to sue on all

causes of action.  There is nothing to suggest that, in those cases, Congress intended that

plaintiffs must file an entirely separate class action lawsuit when, in any other context, a subclass

would suffice.").

Indeed, unless consolidated, the Court and the parties will be required to engage in

duplicative litigation of several issues in addition to lead plaintiff motions.  Following the

appointment of any lead plaintiff, the ProShares Defendants intend vigorously to dispute each

complaint by filing a motion to dismiss.  *See* Skinner Decl. ¶ 28.  It makes little sense for the

ProShares Defendants to brief identical issues regarding a single Registration Statement multiple

times, merely because shareholders in more than one fund have brought suit.  Should any of

plaintiffs' claims survive, each action will require resolution of class certification motions in

addition to any discovery disputes.[17]  Absent consolidation, the Court will be forced to resolve –

---

[16] The ProShares Defendants do not, of course, concede at this time that any of the proposed lead plaintiffs otherwise possesses Article III standing sufficient to withstand a motion to dismiss.

[17] Although common questions of law and fact exist, the ProShares Defendants do not concede that class certification is appropriate here.  The standard for Rule 42(a) consolidation, of course, differs from the standard for Rule 23 certification, since the existence of common legal and factual questions is merely one of several prerequisites to class certification.  *See* Fed. R. Civ. P. 23, 42(a).  Thus, courts can and do deny certification while simultaneously ordering consolidation.  *See, e.g.*, *Primavera Familienstiftung v.*

and the parties to litigate – the same questions in duplicative fashion. *See, e.g.*, *In re Gen. Elec. Secs. Litig.*, No. 09 Civ. 1951(DC), 2009 WL 2259502, at *3 (S.D.N.Y. July 29, 2009) (consolidating securities class actions under both the 1933 and the 1934 Act to avoid "duplicative efforts, wasting both the Court's time and the parties' time and money"); *Kaplan v. Gelfond*, 240 F.R.D. 88, 92 (S.D.N.Y. 2007) (observing the "well recognized principle" that consolidation of securities class actions "often benefits both the courts and the parties by expediting pretrial proceedings, avoiding duplication of discovery, and minimizing costs" (internal quotation marks omitted)).

At this early stage in the litigation, consolidation will not prejudice any party. No scheduling conference has been held in any of the Related Actions, no scheduling order has been entered, and no discovery has been taken. *See* Skinner Decl. ¶ 29. No lead plaintiff has been appointed, nor will one be appointed until the Court resolves this motion for consolidation. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). No case has advanced further than any other case, such that consolidation would result in delay for certain parties.

And finally, as a practical matter, it is evident that various of the putative class representatives and their counsel also recognize the overlapping nature of the cases, and the merits of consolidation. Only a few weeks ago, Brower Piven – counsel to named plaintiffs Chen, Qiao, and Bolton, and to putative lead plaintiff Asai – filed the *Bowman* complaint in the District of Maryland, seeking relief on behalf of investors in seven ProShares funds. As *Bowman* made clear, there is no reason why the Related Actions cannot be pursued in a single complaint. Putative lead plaintiff Kalvin Kimbrough has similarly asked the Court to consolidate, and appoint him lead plaintiff in, nine of the Related Actions. Another proposed

---

*Askin*, 178 F.R.D. 405, 411-12 (S.D.N.Y. 1998); *Cohn v. Mass. Mut. Life Ins. Co.*, 189 F.R.D. 209, 219 (D. Conn. 1999).

lead plaintiff, Charles Sankowich, allegedly invested in at least two of the funds at issue and has appeared before the Court as a proposed representative of investors in both funds.  And Samson Ho, one of the plaintiffs who filed suit in the District of Maryland, initially sought transfer of all then-pending actions to that court for "consolidated proceedings."  That motion has been withdrawn, along with all of the Maryland suits, leaving only the Related Actions pending before this Court.  Given the factual and legal similarities across these cases, this procedural history only underscores the related nature of the actions and their suitability for consolidation.

## CONCLUSION

For the foregoing reasons, the ProShares Defendants respectfully request that the Court grant their motion for consolidation of all of the Related Actions for all purposes, pursuant to Federal Rule of Civil Procedure 42(a).

Dated: October 20, 2009

Respectfully submitted,

ROPES & GRAY LLP

By: /s/ Robert A. Skinner
Robert A. Skinner
One International Place
Boston, MA  02110
Tel: (617) 951-7000
Fax: (617) 951-7050
robert.skinner@ropesgray.com

*Attorneys for Defendants ProShares Trust,
ProShare Advisors LLC, SEI Investments
Distribution Co., Michael L. Sapir, Louis M.
Mayberg, and Simon D. Collier*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 20, 2009, I caused a true and correct copy of the foregoing document to be served upon all registered users through the Court's Electronic Case Filing system.

<u>/s/ Robert A. Skinner</u>
Robert A. Skinner