UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN NOVICK, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>— against —<br><br>PROSHARES TRUST, PROSHARE ADVISORS LLC, SEI INVESTMENTS DISTRIBUTION CO., MICHAEL L. SAPIR, LOUIS M. MAYBERG, RUSSELL S. REYNOLDS, III, MICHAEL WACHS, and SIMON COLLIER,<br><br>Defendants. | **Civil No. 1:09-cv-06935-JGK** |
| CHARLES SANKOWICH, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>— against —<br><br>PROSHARES TRUST, PROSHARE ADVISORS LLC, SEI INVESTMENTS DISTRIBUTION CO., MICHAEL L. SAPIR, LOUIS M. MAYBERG, RUSSELL S. REYNOLDS, III, MICHAEL WACHS, and SIMON COLLIER,<br><br>Defendants. | **Civil No. 1:09-cv-07356-JGK** |

JAMES PAUL VALANCIUS, CRAIG FORLADER, CLINTON C.
BAILIE, ADRIANA PARIZOTTO, AND BRUCE AND TEE
MARSHALL MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION TO CONSOLIDATE ALL THE ABOVE-CAPTIONED ACTIONS

| | |
|---|---|
| JACK MCBRIDE, on Behalf of Himself and All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  — against —<br><br>PROSHARES TRUST, PROSHARE ADVISORS LLC, SEI INVESTMENTS DISTRIBUTION CO., MICHAEL L. SAPIR, LOUIS M. MAYBERG, RUSSELL S. REYNOLDS, III, MICHAEL WACHS, and SIMON COLLIER,<br><br>      Defendants. | **Civil No. 1:09-cv-07392-JGK** |
| MITCHELL HIRTH, on Behalf of Himself and All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  — against —<br><br>PROSHARES TRUST, PROSHARE ADVISORS LLC, SEI INVESTMENTS DISTRIBUTION CO., MICHAEL L. SAPIR, LOUIS M. MAYBERG, RUSSELL S. REYNOLDS, III, MICHAEL WACHS, and SIMON COLLIER,<br><br>      Defendants. | **Civil No. 1:09-cv-07505-JGK** |
| DAVID MARCONI, on Behalf of Himself and All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  — against —<br><br>PROSHARES TRUST, PROSHARE ADVISORS LLC, SEI INVESTMENTS DISTRIBUTION CO., MICHAEL L. SAPIR, LOUIS M. MAYBERG, RUSSELL S. REYNOLDS, III, MICHAEL WACHS, and SIMON COLLIER,<br><br>      Defendants. | **Civil No. 1:09-cv-08089-JGK** |

| | |
|---|---|
| RICHARD C. BOLTON, on Behalf of Himself and All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>— against —<br><br>PROSHARES TRUST, PROSHARE ADVISORS LLC, SEI INVESTMENTS DISTRIBUTION CO., MICHAEL L. SAPIR, LOUIS M. MAYBERG, RUSSELL S. REYNOLDS, III, MICHAEL WACHS, and SIMON COLLIER,<br><br>　　　　　　　　Defendants. | **Civil No. 1:09-cv-08200-JGK** |
| FENG CHEN and LIN QIAO, on Behalf of Themselves and All Others Similarly Situated,<br><br>　　　　　　　　Plaintiffs,<br><br>— against —<br><br>PROSHARES TRUST, PROSHARE ADVISORS LLC, SEI INVESTMENTS DISTRIBUTION CO., MICHAEL L. SAPIR, LOUIS M. MAYBERG, RUSSELL S. REYNOLDS, III, MICHAEL WACHS, and SIMON COLLIER,<br><br>　　　　　　　　Defendants. | **Civil No. 1:09-cv-08202-JGK** |
| JACOB CHENE NORMAND, on Behalf of Himself and All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>— against —<br><br>PROSHARES TRUST, PROSHARE ADVISORS LLC, SEI INVESTMENTS DISTRIBUTION CO., MICHAEL L. SAPIR, LOUIS M. MAYBERG, RUSSELL S. REYNOLDS, III, MICHAEL WACHS, and SIMON COLLIER,<br><br>　　　　　　　　Defendants. | **Civil No. 1:09-cv-08327-JGK** |

| | |
|---|---|
| KAREN WORDEN, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>— against —<br><br>PROSHARES TRUST, PROSHARE ADVISORS LLC, SEI INVESTMENTS DISTRIBUTION CO., MICHAEL L. SAPIR, LOUIS M. MAYBERG, RUSSELL S. REYNOLDS, III, MICHAEL WACHS, and SIMON COLLIER,<br><br>Defendants. | **Civil No. 1:09-cv-08662-JGK** |

Class members James Paul Valancius, Craig Forlader, Clinton C. Bailie, Adriana Parizotto, and Bruce and Tee Marshall ("Valancius *et al.*") respectfully submit this memorandum in opposition to Defendants' motion to consolidate – as opposed to coordinating, which Valancius *et al.* do not object to – the above-captioned cases into one action.

## PRELIMINARY STATEMENT

Defendants have moved for consolidation pursuant to Rule 42(a) of the Federal Rules of Civil Procedure of numerous class actions related to five different exchange traded funds ("ETF") issued by ProShares Trust. These funds are:

(1) the UltraShort Real Estate Proshares fund ("SRS Fund"),
(2) the UltraShort Financials fund ("SKF Fund"),
(3) the UltraShort Oil & Gas fund ("DUG Fund"),
(4) the UltraShort Dow 30 fund ("DXD Fund"), and
(5) the Ultra Financials fund ("UYG Fund").

The various actions have critical differences including the fact that each fund has different benchmarks and some failed spectacularly, while others failed mildly.

Various class members have moved to be appointed lead plaintiff with respect to each ETF under 15 U.S.C. § 77z-1(a)(3)(B)(i). The lead plaintiff movant with respect to one ETF

1

(e.g., DUG) will not necessarily have purchased the ETF at issue in the other actions (e.g., UYG).

This Court should reject Defendants' motion because consolidation of different classes creates a conflict of interest between the classes. A better option exists to promote judicial efficiency and economy: This Court should order that the actions be coordinated for pre-trial proceedings.

## ARGUMENT

### I. Consolidation Will Create Conflicts of Interest Between the Classes

While Rule 42(a) seeks to promote judicial efficiency, the Second Circuit has repeatedly explained that "[i]n assessing whether consolidation is appropriate in given circumstances, . . . efficiency cannot be permitted to prevail at the expense of justice-consolidation should be considered when 'savings of expense and gains of efficiency can be accomplished without sacrifice of justice.'" *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) (quoting *Consorti v. Armstrong World Indus., Inc.*, 72 F.3d 1003, 1007 (2d Cir. 1995)); *see also* 9 Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2382, at 255 (1971) (explaining that consolidation is not supposed to "merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another").

Were this Court to consolidate the different class action, and then appoint one lead plaintiff to represent all five classes, there would be a conflict among the classes. The lead plaintiff will have purchased stock and be seeking to recover money at the expense of the other classes. A single lead plaintiff will be forced to serve five masters – in the event of settlement, or even a judgment issued after trial, there will be one finite pot of money for which the various funds will be competing. One fund will necessarily recover at the expense of another. This

creates a conflict that will prejudice members of the classes to which the lead plaintiff does not belong, or in which he suffered a *de minimis* loss.

The PSLRA requires a Rule 23(a)(3)(4) analysis before appointing lead plaintiffs. The analysis "serves to uncover conflicts of interest between named parties and the class they seek to represent." *In re Sony SXRD Rear Projection Television Class Action Litig.*, No. 06 CIV. 5173, 2008 WL 1956267, at *13 (S.D.N.Y. May 1, 2008) (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)); *M.K.B. v. Eggleston*, 445 F. Supp. 2d 400, 442 (S.D.N.Y. 2006) ("Rule 23(a)(4) requires that plaintiffs demonstrate . . . that there is no conflict of interest between the named plaintiffs and other members of the plaintiff class.") (internal quotation marks and citation omitted).

A conflict is created when there are several different lawsuits concerning the same entity, and a possibility of "competing judgments in these actions [that] Defendants could not satisfy." *Krim v. pcOrder.com, Inc.*, 210 F.R.D. 581, 590 (W.D. Tex. 2002) ("[w]ith multiple lawsuits, more than a fair chance exists that the shareholders represented in the various suits may be different but overlapping groups of people, and their interests may not always coincide. It could be in the New York class' best interest to settle, but not in this class' interest"); *see also Kuper v. Quantum Chem. Corp.*, 145 F.R.D. 80, 83 (S.D. Ohio 1992). To avoid such a conflict, each potential class needs a representative to promote and guard its interests.

## II.     This Court Should Order the Cases To Be Coordinated

There is another device that promotes judicial efficiency and economy without creating a conflict of interest: Rule 15 of the Southern District's Rules for the Division of Business Among District Judges. This rule states:

> [A] civil case will be deemed related to one or more other civil cases and will be transferred for consolidation or coordinated pretrial proceedings

> when the interests of justice and efficiency will be served. In determining relatedness, a judge will consider whether (i) a substantial saving of judicial resources would result; or (ii) the just efficient and economical conduct of the litigations would be advanced; or (iii) the convenience of the parties or witnesses would be served.

S.D.N.Y. Local R. 15(a).

Rule 15 thus provides not only for the more formal "consolidation" of cases of the type seen under Rule 42(a), but also for a looser and more informal "coordination" of cases which simply enables a district judge who is familiar with the facts and issues of one case to preside over other cases that are more or less related. It would be entirely reasonable, if not prudent, for this Court to coordinate the various class actions, while appointing separate lead plaintiffs for each class.

## CONCLUSION

For the reasons above, Defendants' motion to consolidate should be denied.

Dated:   November 6, 2009                    Respectfully submitted,

                                             **BERNSTEIN LIEBHARD LLP**


                                             /s/
                                             _____
                                             Sandy A. Liebhard (liebhard@bernlieb.com)
                                             Christian Siebott (siebott@bernlieb.com)
                                             Joseph R. Seidman, Jr. (seidman@bernlieb.com)
                                             10 East 40th Street, 22nd Floor
                                             New York, New York  10016
                                             Telephone: (212) 779-1414
                                             Facsimile: (212) 779-3218

4

CERTIFICATE OF SERVICE

      I, PETER ALLOCCO, hereby certify that a copy of the foregoing was served on the counsel of record listed below by regular mail this 6th day of November, 2009.

Robert A. Skinner Esq.
Ropes & Gray LLP
One International Place
Boston, MA 02110

Thomas R. Grady, Esq.
Ackerman, Link & Sartory
222 Lakeview Avenue
Suite 250
West Palm Beach, FL 33401

Russell Stuart Miness, Esq.
Wolf Haldenstein Adler Freeman & Herz LLP
270 Madison Avenue
New York, NY 10016

Barbara A. Podell, Esq.
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103

Arthur H. Aufses, III, Esq.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

Kenneth A. Elan, Esq.
217 Broadway
New York, NY 10007

Gregory Bradley Linkh, Esq.
Murray, Frank & Sailer, LLP
275 Madison Avenue, Suite 801
New York, NY 10016

Stefanie Jill Sundel, Esq.
Labaton Sucharow, LLP
140 Broadway
New York, NY 10005

Bruce G. Murphy, Esq.
265 Llwyds Lane
Vero Beach, FL 32963

Jessica June Sleater, Esq.
Brower Piven
480 Madison Avenue
New York, NY 10022

Yelena Trepetin, Esq.
Brower Piven
The World Trade Center
401 E. Pratt Street, Suite 2525
Baltimore, MD 21202

Albert Young Chang, Esq.
Johnson Bottini, LLP
655 West Broadway
Suite 1400
San Diego, CA 92101

Jeremy Alan Lieberman, Esq.
Pomerantz Haudek Block Grossman & Gross LLP
100 Park Avenue, 26th Floor
New York, NY 10017

Victor Stewart, Esq.
Lovell Stewart Halebian LLP
61 Broadway, Suite 501
New York, NY 10006

27296v1

Richard A. Speirs, Esq.  
Zwerling, Schachter & Zwerling  
41 Madison Avenue  
New York, NY 10010

Ralph M. Stone, Esq.  
Shalov Stone Bonner & Rucco LLP  
485 Seventh Avenue, Suite 1000  
New York, NY 10018

/s/
_____
PETER ALLOCCO

27296v1