USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/17/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STEVEN AND SHERRI SCHNALL,

    Plaintiffs,

 - against -

PROSHARES TRUST,

    Defendant.

10 Civ. 3042 (JGK)

---

IN RE PROSHARES TRUST SECURITIES
LITIGATION

09 Civ. 6935 (JGK)

MEMORANDUM OPINION
AND ORDER

---

JOHN G. KOELTL, District Judge:

  The plaintiffs, Steven and Sherri Schnall (the "Schnalls"), object to defendant ProShares Trust's motion to consolidate this case, Docket No. 10 Civ. 3042, with the thirty-three proposed class actions that have been consolidated under the caption In re Pro Shares Trust Securities Litigation, Docket No. 09 Civ. 6935 (the "Consolidated Action"), pursuant to Federal Rule of Civil Procedure 42(a). The motion to consolidate is **granted**.

  Rule 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a). Trial courts retain "broad discretion to determine whether consolidation is appropriate." Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir. 1990); see also Ellenburg v. JA Solar Holdings Co., 262

F.R.D. 262, 264 (S.D.N.Y. 2009). In securities class action cases, "courts have deemed consolidation particularly appropriate where the actions are based on the same public statements and reports if there are common questions of law and fact and [if] the defendant will not be prejudiced." Martingano v. Am. Int'l Group, Inc., No. 06 Civ. 1625, 2006 WL 1912724, at *1 (E.D.N.Y. July 11, 2006) (internal quotation marks omitted).

The Schnalls have brought an individual action alleging violations under Section 11 of the Securities Act of 1933 based on alleged misrepresentations and omissions in a registration statement for the ProShares UltraShort Real Estate Fund (the "SRS Fund"). They have added an individual breach of contract claim based on the same registration statement. The cases in the Consolidated Action make similar allegations. While the Consolidated Action involves additional funds and additional defendants, the allegations concerning the alleged Section 11 violation with respect to the SRS Fund are substantially the same. Moreover, because the allegations with respect to the other funds raise similar issues arising from the same or substantially same registration statement, the allegations with respect to the other funds also raise similar issues of fact and law. The fact that the Schnalls have also raised a breach of contract claim arising out of the same registration statement does not make their case so different as to warrant wholly

separate treatment. It is plain that there are sufficient common issues of law and fact to make consolidation appropriate under Federal Rule of Civil Procedure 42(a).

The Schnalls complain that their case will be delayed because of the issues that will arise in the Consolidated Action relating to class action certification. However, the Schnalls can hardly complain about delay. They initially attempted to arbitrate their claims against parties that were not subject to arbitration and that arbitration was enjoined. The Schnalls only brought their current action in this Court on April 9, 2010, after numerous proposed class actions were pending and indeed after a motion to consolidate those actions had been filed. Moreover, the defendants advise the Court and the parties that they intend to move to dismiss this action, as well as the class actions, and that motion will stay discovery in this case as well as in the Consolidated Action pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). See 15 U.S.C. § 77z-1(b)(1); In re Trump Hotel Shareholder Derivative Litig., No. 96 Civ. 7820, 1997 WL 442135, at *1 (S.D.N.Y. Aug. 5, 1997) (rejecting argument that PSLRA's automatic stay of discovery applies only to class actions).

The Schnalls also argue that they should be allowed to decide not to participate in the Consolidate Action, because they have chosen to pursue their own claims. Of course they can

3

decide to opt out of any Consolidated Action class and pursue their individual claim. Consolidation means that the litigation will be consolidated, not that the Schnalls will lose their individual claims. Discovery will have to be coordinated, and the Court will have to adopt flexible procedures to deal with any individual claims. See Primavera Familienstiftung v. Askin, 173 F.R.D. 115, 130 (S.D.N.Y. 1997) (noting that consolidation preserves plaintiffs' rights to opt out of class and pursue individual claims); Discount Bank & Trust Co. v. Salomon Inc., 141 F.R.D. 42, 44 (S.D.N.Y. 1997) (same).

Finally, the Schnalls have submitted a letter to the Court dated May 7, 2010, in which they state that, if the Court grants consolidation of their case with the Consolidated Action, then they want the opportunity to amend their complaint to add class action allegations and to move for appointment as lead plaintiffs. This certainly seems to be inconsistent with the Schnalls' professed desire to pursue an individual action.

Any application for lead plaintiff status in this case was to be made by May 7, 2010. Oppositions are due by May 21, 2010. Replies are due by May 28, 2010. As the Schnalls concede, they have not filed a class action complaint thus far, nor submitted the necessary papers indicating that they should be appointed lead plaintiff. There is nothing inconsistent with an individual action proceeding at the same time as a class action,

4

and the Schnalls have not, thus far, brought a class action. There is at least a question, which the parties can address, whether the Schnalls' motion to be appointed lead plaintiff would be timely under the PSLRA. However, to allow the Schanlls to file a class action complaint and apply for lead plaintiff status, the time to make such a motion is extended for the Schnalls until **May 24, 2010**. The time for all parties to respond to all of the lead plaintiff motions is extended to **May 31, 2010**. The time to reply is extended to **June 7, 2010**.

Therefore, the motion to consolidate is **granted**. The time to file an amended complaint and to move for lead plaintiff status is extended as indicated above.

SO ORDERED.

Dated: New York, New York
May 17, 2010

John G. Koeltl
United States District Judge