# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

————————————————————————— x

IN RE PROSHARES TRUST       :     **Civil No. 1:09-cv-06935-JGK**
SECURITIES LITIGATION       :

————————————————————————— :x

## <u>PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT</u>

Christopher Lovell (CL 2595)
Victor E. Stewart (VS 4309)
Fred T. Isquith, Jr. (FI 1064)
**LOVELL STEWART HALEBIAN JACOBSON LLP**
61 Broadway, Suite 501
New York, NY 10006
Telephone: (212) 608-1900
Facsimile: (212) 719-4677

Jacob H. Zamansky (JZ 1999)
Edward H. Glenn, Jr. (EG 0042)
Kevin D. Galbraith (KG 7512)
**ZAMANSKY & ASSOCIATES LLC**
50 Broadway, 32nd Floor
New York, NY 10004
Telephone: (212) 742-1414
Facsimile: (212) 742-1177

*Lead Counsel for Plaintiffs*

**TABLE OF CONTENTS**.

Page

TABLE OF AUTHORITIES ............................................................................................... ii

PRELIMINARY STATEMENT ........................................................................................ 1

ARGUMENT ..................................................................................................................... 2

    I. THE PROPOSED CHANGES TO THE SECOND AMENDED COMPLAINT ARE
       MINIMAL AND FALL SQUARELY WITHIN THE PERMISSIBLE SCOPE OF
       CHANGES UNDER RULE 15(A)(2) ....................................................................... 2

         A. Plaintiffs' Proposed Changes To The Second Amended Complaint Will Not
         Cause Defendants Any Undue Prejudice, Which Is The Most Important
         Consideration ....................................................................................................... 4

         B. Plaintiffs Did Not Engage In Unreasonable Delay ........................................... 6

         C. Plaintiffs Seek Leave To Amend The Complaint In Good Faith ...................... 6

         D. Plaintiffs' Proposed Minimal Changes To The Second Amended Complaint
         Are Not Futile ...................................................................................................... 7

         E. Because The Control Person Claim To Be Asserted Against Defendant
         Advisors Arises Out Of The Same Originally Alleged Facts, Relation Back Is
         Mandatory And The Amendment Is Timely ...................................................... 13

CONCLUSION .................................................................................................................. 17

# TABLE OF AUTHORITIES

**Cases**

*Abrams v. Van Kampen Funds, Inc*
 No. 01 c 7537, 2002 WL 1160171 (N.D. Ill. May 30, 2002) ........................................................ 9

*Ashcroft v. Iqbal,* 556 U.S. 7 (2009) ...................................................................................................... 7

*Asset Mgmt. Assoc. of N.Y. v. Emerson Telecomm. Prod. LLC,*
395 Fed.Appx. 752 (2d Cir. 2010) .......................................................................................................... 3

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) ................................................................................ 7

*Berry v. Village of Millbrook,*
No. 09-CV-4234 (KMK), 2010 WL 3932289 (S.D.N.Y. 2010) ........................................................ 17

*Block v. First Blood Assocs.*, 988 F.2d 344 (2d Cir. 1992) ............................................................ 4

*DCD Programs, Ltd. v. Leighton*, 833 F.2d 183 (9th Cir. 1987) .................................................. 2

*Dougherty v. Town of North Hempstead Bd. of Zoning Appeal*,
282 F.3d 83 (2d Cir. 2002) ...................................................................................................................... 7

*Forman v. Davis*, 371 U.S. 178 (1962) .......................................................................................... 2, 3

*Green v. Wolf. Corp.*, 50 F.R.D. 220 (S.D.N.Y. 1970) ...................................................................... 6

*Hanlin v. Mitchelson*, 794 F.2d 834 (2d Cir. 1986) ........................................................................ 4

*Horvath v. Daniel*, 423 F.Supp.2d 421 (S.D.N.Y. 2006) ................................................................ 7

*Howey v. United States*, 481 F.2d 1187 (9th Cir. 1973) .................................................................. 5

*In Re Fannie Mae 2008 Sec. Litig.,* 742 F.Supp.2d 382 (S.D.N.Y. 2008*)* .................................... 8

*In re Fosamax Prod. Liab. Litig.*, No. 1:06-cv-0440-JFK,
2009 WL 137087 (S.D.N.Y. Jan. 21, 2009) ........................................................................................ 5

*In re Lehman Bros. Mort.-Backed Sec. Litig.,*
-- 3d. --, 2011 WL 1778726 (2d. Cir. May 11, 2011) ...................................................................... 8

*In re Parmalat Sec. Litig.*, 375 F.Supp.2d 278 (S.D.N.Y 2005) .................................................... 9

*In re South African Apartheid Litig.*, 617 F.Supp.2d 228 (S.D.N.Y. 2009) ................................ 14

*In re TCW/DW North Am. Gov't Income Trust Sec. Litig.,*
941 F.Supp. 326 (S.D.N.Y. 1996) ........................................................ 9

*Janus Capital Group, Inc. v. First Deriv. Traders*,
No. 09-525, 564 U.S. _, [2011 WL 2297762] (2011)................................. 1

*Krupski v. Costa Crociere S.p.A.,* - U.S. -, 130 S. Ct. 2485 (2010).............................. 16

*Lucente v. IBM Corp.,* 310 F.3d 243 (2d Cir. 2002)........................................ 7

*Mackensworth v. S.S. American Merchant*, 28 F.3d 246 (2d Cir. 1994) ...................................... 3

*Madray v. Long Island Univ.*, No. 10-CV-3841 (ADS) (WDW),
2011 WL 2270889 (E.D.N.Y. June 2, 2011) ...................................... 3

*McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184 (2d Cir. 2007) .......................... 3

*Middle Atl. Utils. Co. v. S M. W. Dev. Corp.*, 392 F.2d 380 (2d Cir. 1968).............................. 3, 6

*Minter v. Prime Equip. Co.*, 451 F.3d 1196 (10th Cir. 2006)............................... 5

*Monahan v. New York City Dep't of Corr.*, 214 F.3d 275 (2d Cir. 2000) ................................. 3, 5

*Muhammad v. Pico,*
No. 02-cv-1052 (AJP), 2003 WL 21792158 (S.D.N.Y. 2003) .................................... 16

*Nerney v. Valente & Sons Repair Shop*, 66 F.3d 25 (2d Cir. 1995) ......................... 3

*Pastorello v. City of New York*, No. 95-cv-470 (CSH),
2001 WL 1543808 (S.D.N.Y. Dec. 4, 2001) ............................................ 3

*Pollack v. Laidlaw Holdings, Inc.,*
No. 90. civ. 5788 (DLC), 1995 WL 261518 (S.D.N.Y. May 3, 1995).................................... 10

*Poptech, L.P. v. Stewardship Credit Arbitrage Fund LLC.*
- F.Supp.2d -, No 3:10cv967, 2011 WL 2076870 (D. Conn. May 26, 2011).......................... 8

*Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230 (2d Cir. 1995)....................................... 5

*Roberts v. Cooperatieve Centrale Raiffeisen-Boeren Leenbank B.A.,*
No. 09-cv-5271 (JGK), 2010 WL 23170 (S.D.N.Y. Jan. 5, 2010) ........................................ 3, 5, 6

*Rodriguez v. American Friends of Hebrew Univ., Inc.*, No. 96-cv-240 (JGK),
1999 WL 493369 (S.D.N.Y. July 12, 1999) ............................................ 3

*SEC v. First Jersey Sec.,* 101 F.3d 1450 *(2d. Cir. 1996)*............................................ 8

*Sedona Corp. v. Ladenburg Thalmann & Co., Inc.,*
No. 03 Civ 3120(LTS)(THK) 2005 WL 1902780 (S.D.N.Y. Aug. 9, 2005)................................. 8

*Siegel v. Converters Transp., Inc.,* 714 F.2d 213 (2d. Cir. 1983)................................. 14

*Slayton v. American Express Co,* 460 F.3d 215 (2d. Cir. 2006)................................. 13

*State Teachers Ret. Board v. Fluor Corp.,* 654 F.2d 843 (2d Cir. 1981) .............................. 4, 5, 6

*Stevelman v. Alias Research Inc.,* 174 F.3d 29 (2d. Cir. 1999)................................. 14

*Tho Dinh Tran v. Alphonse Hotel Corp.,* 281 F.3d 23 (2d. Cir. 2002)........................... 13

*Tokio Marine & Fire Ins. Co. v. Employers Ins. of Wausau,* 786 F.2d 101 (2d Cir. 1986) .......... 4

*United States v. Hougham,* 364 U.S. 310 (1960)........................................... 5

*VKK Corp. v. National Football League,* 244 F. 3d 114 (2d Cir. 2001) ...................... 13

*Zeigan v. Blue Cross and Blue Shield,* 607 F.Supp. 1434 (S.D.N.Y. 1985).................... 6

*Zenith Radio Corp. v. Hazeltine Research,* 401 U.S. 321 (1971).................................. 5

## Rules

Fed. R. Civ. P. (8)(a)(3) ........................................................... 9

Fed. R. Civ. P. 15(a)(2)............................................................. 2

Fed. R. Civ. P. 15(c)(1)............................................................. 13

Fed. R. Civ. P. 15(c)(1)(B) ......................................................... 13, 17

Fed. R. Civ. P. 15(c)(1)(C) ......................................................... 15, 17

Fed. R. Civ. P. 15(c)(1)(C)(i)....................................................... 16

Fed. R. Civ. P. 15(c)(1)(C)(ii) ...................................................... 16

17 C.F.R. § 240.12b-2................................................................ 7

## Other Authorities

4 Hazen, The Law of Securities Regulations § 12.24(1) ............................. 8

4 Wright, Miller & Kane, Federal Practice & Procedure §§ 1471 (3d ed. 2010)........................... 3

6 Wright, Miller & Kane, Federal Practice & Procedure §§ 1487 (3d ed. 2010)........................... 5

## PRELIMINARY STATEMENT

Plaintiffs respectfully submit this memorandum in support of their motion pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, to amend their complaint [Docket No. 158] to include Defendant ProShare Advisors ("Advisors") as an additional defendant in Plaintiffs' Second Claim alleging control person liability under Section 15 of the Securities Act of 1933, 15 U.S.C. §77o.

On January 31, 2011, Plaintiffs filed their Second Amended Consolidated Class Action Complaint ("Second Amended Complaint" or "SCAC") [Docket No. 158]. In the Second Amended Complaint, as in the earlier Amended Consolidated Class Action Complaint filed September 25, 2010 [Docket No. 141] (the "Amended Complaint" or "ACAC," and sometimes with the Second Amended Complaint and the original Class Action Complaint described below, the "Complaints"), Advisors was named as a defendant in Plaintiffs' First Claim under Section 11of the Securities Act of 1933, 15 U.S.C. §77k. Two of Advisors' three owners were named as control person defendants under Section 15 of the Securities Act in all of the Complaints, and the third owner was added as a control person defendant from the time of the filing of the Amended Complaint.

On March 17, 2011, Defendants moved to dismiss the Second Amended Complaint [Docket No. 163]. Defendants did not then, nor in their earlier motion to dismiss the Amended Complaint on November 15, 2010 [Docket No. 150], assert that Advisors did not satisfy any of the categories of liability under Section 11, nor that the three owners of Advisors did not satisfy the elements to establish control person liability.

But, after the Supreme Court decision in *Janus Capital Group, Inc. v. First Deriv. Traders*, No. 09-525, 564 U.S. - , 2011 WL 2297762 (2011), Defendants used their *Janus* brief

1

to raise what Plaintiffs contend is a wholly separate argument.  Defendants belatedly asserted for

the first time that Advisors does not fit into one of the defined categories for liability under

Section 11 ("Argument") [Docket No. 173].  This Argument had long since been waived because

Defendants failed to raise it in their two previous motions to dismiss. *See* Pl. Supp. R. Br. at 1-2.

 Plaintiffs have strongly opposed the arguments raised by Defendants on the relevance of the

*Janus* decision to cases brought under Section 11 of the Securities Act. *See* Pl. Supp. Br. and Pl.

Supp. R. Br. [Docket Nos. 177 and 179], *passim*.

Nonetheless, Plaintiffs now move, in an abundance of caution, to add Advisors as an

additional Defendant in Plaintiffs' Claim under Section 15 of the Securities Act for control

person responsibility.[1]

## ARGUMENT

**I.      THE PROPOSED CHANGES TO THE SECOND AMENDED COMPLAINT ARE
MINIMAL AND FALL SQUARELY WITHIN THE PERMISSIBLE SCOPE OF
CHANGES UNDER RULE 15(A)(2)**

Federal Rule of Civil Procedure 15 governs amendments to the pleadings.  It provides

that  "a court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P.

15(a)(2).  The purpose of Rule 15 is to permit a court to reach a full decision **on the merits**.

*Forman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) ("If the underlying

facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be

afforded an opportunity to test his claim on the  merits."); *DCD Programs, Ltd. v. Leighton*, 833

---

1 On June 15, 2011, Advisors had first requested leave of this Court for permission to submit supplemental briefing
on the relevance of the *Janus* decision to this case.  On June 29 and June 30, 2011, counsel for Plaintiffs explored
the possibility of having Advisors agree to Advisors being named as a Section 15 defendant in exchange for
Plaintiffs agreeing to drop Advisors as a Section 11 defendant.  Defendant Advisors would not consent to
Plaintiffs' request to amend the Second Amended Complaint.  Therefore, Plaintiffs now respectfully seek leave of
the Court to amend the Second Amended Complaint pursuant to Fed.R.Civ.P. 15(a)(2).

F.2d 183, 186 (9th Cir. 1987) ("In exercising its discretion a court must be guided by the underlying purpose of Rule 15 - to facilitate decision on the merits rather than on the pleadings or technicalities"); *see also Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000); 4 Wright, Miller & Kane, *Federal Practice & Procedure* §§ 1471, 1473 (3d ed. 2010).

Leave to amend, therefore, "should be granted liberally." *Middle Atl. Utils. Co. v. S M. W. Dev. Corp.*, 392 F.2d 380, 384 (2d Cir. 1968). *See Asset Mgmt. Assoc. of N.Y. v. Emerson Telecomm. Prod. LLC*, 395 Fed.Appx. 752, 753 (2d Cir. 2010); *Madray v. Long Island Univ.*, No. 10-CV-3841 (ADS) (WDW), 2011 WL 2270889, at *3 (E.D.N.Y. June 2, 2011); *Roberts v. Cooperatieve Centrale Raiffeisen-Boeren Leenbank B.A.*, No. 09 Civ. 5271 (JGK), 2010 WL 23170, at *1 (S.D.N.Y. Jan. 5, 2010).

Only for such reasons as undue delay, bad faith, futility of amendment or undue prejudice should such a motion be denied. *Asset Mgmt.*, 395 Fed.Appx. at 753; *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007); *see also Roberts,* 2010 WL 23170, at *1; *Pastorello v. City of New York*, No. 95 Civ. 470 (CSH), 2001 WL 1543808, at *3 (S.D.N.Y. Dec. 4, 2001), *citing Mackensworth v. S.S. American Merchant*, 28 F.3d 246, 251 (2d Cir. 1994); *Rodriguez v. American Friends of Hebrew Univ., Inc.*, No. 96 Civ. 240 (JGK), 1999 WL 493369, at *1 (S.D.N.Y. July 12, 1999). As the Supreme Court has interpreted Rule 15(a):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits. In the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. the leave sought should, as the rules require, be freely given.

*Foman*, 371 U.S. at 182; *see also Asset Mgmt.,* 395 Fed. Appx. at 753; *Nerney v. Valente & Sons*

*Repair Shop*, 66 F.3d 25, 28-29 (2d Cir. 1995).

Amendments are particularly favored where, as here, they arise out of the same facts, the same time period, the same parties and the same claim. *See Hanlin v. Mitchelson*, 794 F.2d 834, 841 (2d Cir. 1986). Moreover, ¶ 296 of the Second Amended Complaint **already** alleges that: "By reason of the conduct herein alleged, each Defendant [which by definition includes Defendant Advisors] violated **and/or controlled a person who violated**, Section 11 of the Securities Act."(emphasis supplied) [2] As Plaintiffs have alleged in each of the Complaints, it was the treatment of the mathematical formula exclusively controlled by Defendant Advisors that led to many of the alleged material misrepresentations and omissions in the registration statements. *See, e.g.*, CAC ¶¶ 7-8, 30 and 68; ACAC ¶¶ 1, 3, 102-04, 116-17, 151, 181, 199 and 216; SCAC ¶¶ 12-15, 17, 19, 22, 25, 33, 45, 47(e), 48, 108-09, 112-13, 124-25, 189, 202, 221, 239, 258, 268 and 284. Clearly, the proposed amendments at bar make no changes to the fundamental theories of liability alleged in the Second Amended Complaint but merely allege that one set of the pre-existing allegations now merits including Advisors as a Defendant in the control person claim. Therefore, the necessary elements of proof are already "objects of discovery and related closely to the original claim." *Tokio Marine & Fire Ins. Co. v. Employers Ins. of Wausau*, 786 F.2d 101, 103 (2d Cir. 1986) (quoting *State Teachers Ret. Board v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)).

A.     **Plaintiffs' Proposed Changes To The Second Amended Complaint Will Not Cause Defendants Any Undue Prejudice, Which Is The Most Important Consideration**

In this Circuit, "[t]he rule... has been to allow a party to amend its pleadings in the absence of a showing by the non-movant of prejudice or bad faith." *Block v. First Blood Assocs.*,

---

2  Furthermore, the Amended Complaint (ACAC ¶ 228) and the original Class Action Complaint (CAC ¶ 85) contained the **same** allegation.

988 F.2d 344, 350 (2d Cir. 1992) (citing *Fluor Corp.*, 654 F.2d at 856).   A party's delay in

seeking leave, absent a showing of bad faith or undue prejudice, does not on its own provide a

basis for a district court to deny the party's right to amend. *Fluor Corp.*, 654 F.2d at 856; *see also*

*Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 235 (2d Cir. 1995).   Rather, if no undue

prejudice will result from an amendment, then it should be allowed. *See Zenith Radio Corp. v.*

*Hazeltine Research*, 401 U.S. 321, 330-331, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971); *United States v.*

*Hougham*, 364 U.S. 310, 316, 81 S.Ct. 13, 5 L.Ed.2d 8 (1960) ("Rule 15 of the Federal Rules of

Civil Procedure . . . was designed to facilitate the amendment of pleadings except where

prejudice to the opposing party would result."); *see also Minter v. Prime Equip. Co.*, 451 F.3d

1196, 1207 (10th Cir. 2006); *Howey v. United States*, 481 F.2d 1187, 1190-91 (9th Cir. 1973); 6

Wright, Miller & Kane, *supra* § 1487 at 701.

      Defendants cannot claim any cognizable material prejudice here. The motion to dismiss

has not yet been decided, and there has been no discovery in the case.   *See Monahan*, 214 F.3d at

284 (undue prejudice only occurs when the other side is forced to expend significant additional

resources to conduct discovery and prepare for trial); *Roberts*, 2010 WL 23170, at *1

("expend[ing] additional legal resources on filing an Answer to the Amended Complaint does

not amount to undue prejudice requiring that the plaintiff should be forced to withdraw her claim

with prejudice"); *In re Fosamax Prod. Liab. Litig.*, No. 1:06-cv-0440-JFK, 2009 WL 137087, at

*4 (S.D.N.Y. Jan. 21, 2009) (even when substantial fact discovery has been completed, prejudice

was insufficient where defense strategy remained the same and expenditures on discovery would

remain similar).

### B.    Plaintiffs Did Not Engage In Unreasonable Delay

Plaintiffs filed their Second Amended Complaint on January 31, 2011.  The briefing on the Defendants' motions to dismiss has only recently been completed.  The Supreme Court decision in *Janus* was only decided on June 13, 2011.   Defendants' filings that are the precipitating cause for this motion were made later in June and during July.  Because Plaintiffs are moving within the following month, there has been no delay, let alone undue delay here. *See, e.g.*, *Fluor*, 654 F.2d at 845-46 (amendment allowed after thee-year interval); *Middle Atl. Utils.*, 392 F.2d at 383 (amendment allowed after three-year interval and notice of trial readiness); *Roberts*, 2010 WL 23170, at *1 (request five months after filing complaint does not constitute undue delay); *Zeigan v. Blue Cross and Blue Shield*, 607 F.Supp. 1434, 1438 (S.D.N.Y. 1985) (amendment allowed after three-year interval); *Green v. Wolf Corp.*, 50 F.R.D. 220, 223 (S.D.N.Y. 1970) (amendment allowed after four-year interval).

### C.    Plaintiffs Seek Leave To Amend The Complaint In Good Faith

Plaintiffs have already pled with particularity in the Second Amended Complaint the basis upon which Plaintiffs believe that Defendant Advisors was properly named as a Section 11 Defendant.  S*ee infra at* Section I.D.  Defendants have never contested these allegations until very recently, and then based on the Supreme Court's recent holding in *Janus*.  Plaintiffs sought the agreement of Defendants to the proposed amendments to the Second Amended Complaint. See fn. 1 *supra.* But Plaintiffs could not succeed in convincing Defendants that it was in the best interests of all parties to handle Plaintiffs' request by simple stipulation to be submitted to the Court.  *See, e.g.*, *Roberts*, 2010 WL 23170, at *1 ("It should be noted that the cost and expense of this motion and the need to file an Answer could have been obviated by cooperation among the parties and an appropriate stipulation" (footnote omitted)).

**D.      Plaintiffs' Proposed Minimal Changes To The Second Amended Complaint Are Not Futile**

Finally, the futility factor is only relevant to proposed amended complaints that are trying to add a claim.  In this analysis, the court reviews whether or not the proposed new claim would survive a Fed.R.Civ.P. 12(b)(6) motion to dismiss.  *See, e.g.*, *Lucente v. IBM Corp.,* 310 F.3d 243, 258 (2d Cir. 2002); *Dougherty v. Town of North Hempstead Bd. of Zoning Appeal*, 282 F.3d 83, 88 (2d Cir. 2002); *Horvath v. Daniel*, 423 F.Supp.2d 421, 423 (S.D.N.Y. 2006).  A claim can only withstand a Rule 12(b)(6) motion if it contains sufficient allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  In deciding whether a complaint meets this threshold, the Court is required to accept the material facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868, 884–87 (2009).

The Second Circuit has only recently defined the meaning of "control" for purposes of Section 15 liability:

> Although our Court has not yet discussed "control" for § 15 purposes, in the context of claims under § 20(a) of the 1934 Act against persons controlling primary § 10(b) violators, we have defined "control" as "'the power to direct or cause the direction of the management and policies [the primary violators], whether through the ownership of voting securities, by contract, **or otherwise**.'" *SEC v. First Jersey Sec., Inc.,* 101 F.3d 1450, 1472–73 (2d Cir.1996) (quoting 17 C.F.R. § 240.12b–2). Because § 15 and § 20(a) are roughly parallel control person provisions under the 1933 and 1934 Acts, respectively, we here adopt the quoted *First Jersey* definition of control for § 15 claims. *See* 15 U.S.C. § 77o(a) (imposing liability on persons who "control[ ] any person liable" under §§ 11 or 12); *id.* § 78t (imposing liability on persons who "control[ ] any person liable" under § 10(b)); *In re Refco, Inc. Sec. Litig.,* 503 F.Supp.2d 611, 660 (S.D.N.Y.2007) (noting that § 20(a) and § 15 "are parallel provisions").

*In re Lehman Bros. Mortg.-Backed Sec. Litig.*, - 3d. - , 2011 WL 1778726, at *14 (2d Cir. May 11, 2011) (emphasis supplied).[3]

Plaintiffs need only satisfy the requirements of Rule 8(a) in alleging control person liability, as neither PSLRA scienter nor Rule 9(b) fraud are essential elements of a control person claim. *See, e.g., Poptech, L.P. v. Stewardship Credit Arbitrage Fund, LLC*, - F.Supp.2d. - , No.3:10cv967 (MRK), 2011 WL 2076870, at *5 (D. Conn. May 26, 2011); *In re Fannie Mae 2008 Sec. Litig.*, 742 F.Supp.2d 382, 415 (S.D.N.Y. 2008); *Sedona Corp. v. Ladenburg Thalmann & Co., Inc.*, No. 03 Civ. 3120 (LTS) (THK) 2005 WL 1902780, at *16 (S.D.N.Y. Aug. 9, 2005). Because Plaintiffs' allegations regarding the control element need only comply with the requirements of Rule 8(a), the factual issue of Defendant Advisor's control over a primary violator should not be not resolved summarily at the pleading stage, and is more appropriately resolved after the parties have had an opportunity to engage in discovery. *Poptech*, 2011 WL 2076870, at *5; 4 Hazen, *The Law of Securities Regulation* § 12.24(1), at 484.[4]

---

3  The term "control" is not defined in Section 20(a), but the SEC has defined "control" generally to mean "the possession, direct or indirect, of the power to direct or cause the direction of the management and policies of a person whether through the ownership of voting securities, by contract, **or otherwise**." 17 C.F.R. § 240.12b–2 (emphasis supplied). The Second Circuit has adopted the SEC's definition for purposes of determining control under Section 20(a). *See SEC v. First Jersey Sec.,* 101 F.3d 1450, 1472–73 (2d Cir. 1996).

4  The *Lehman* court specifically declined to address the issue of whether culpable participation had to be pled to make out a control person claim under Section 15. *In re Lehman Bros.*, 2011 WL 1778726, at *14. However, as Plaintiffs allege in the proposed Third Amended Complaint, Defendant Advisors was intimately involved in almost every facet of Defendants' operations. *See, e.g.*, TAC ¶¶ 64(a) – (y).

Here Plaintiffs have alleged numerous bases for establishing control person liability for Defendant Advisors.[5]  First, Plaintiffs have alleged with specificity in the proposed Third Amended Complaint the many ways in which Defendant Advisors controlled the registrant and issuer, Defendant ProShares Trust.  In this regard, courts have repeatedly held that the advisor to the fund is a control person of the fund. *See, e.g.,*:

- *Abrams v. Van Kampen Funds, Inc.*, No. 01 c 7538, 2002 WL 1160171, at *1 (N.D. Ill. May 30, 2002) (Court found that Van Kampen Investment Advisory Corp. ("Van Kampen") was adequately alleged to be a Section 15 control person where Van Kampen was responsible for, *inter alia*, determining fund portfolio value, valuing interests in senior loans, and employing such due diligence necessary in the marketplace regarding comparable credit quality, interest rates, interest rate redetermination periods and comparable financial instrument maturities);

- *In re TCW/DW North Am. Gov't Income Trust Sec. Litig.*, 941 F.Supp. 326, 328-32 (S.D.N.Y. 1996) (Court found that defendant Fund's investment adviser, TCW Funds Management, Inc. ("TCW"), was adequately alleged to be a Section 15 control person where TCW was responsible for, *inter alia*, providing investment advisory services, including the valuations of mortgage derivative securities based upon mathematical models whose operational assumptions, as with the Defendant Advisors' mathematical formulas here, were not disclosed to investors);

---

5  Plaintiffs also continue to plead in the alternative, as permitted by Fed. R. Civ. P. 8(a)(3), that Defendant Advisors is also a primary violator under Section 11.  *See, e.g.*, *In re Parmalat Sec. Litig.*, 375 F.Supp.2d 278, 310 (S.D.N.Y. 2005) (under former Fed. R. Civ. P. 8(e)(2)); *see also* Plaintiffs' proposed Third Amended Consolidated Class Action Complaint ("Third Amended Complaint" or "TCAC"), attached as Exhibit B to the Stewart Declaration.

● *Pollack v. Laidlaw Holdings, Inc.*, No. 90 Civ. 5788 (DLC), 1995 WL 261518, at *4 - *5, *17 - *18 (S.D.N.Y. May 3, 1995) (Court found that defendant registered investment adviser, Laidlaw Holding Asset Management ("Laidlaw"), was adequately alleged to be a Section 15 and Section 20(a) control person where Laidlaw, together with two other corporate Laidlaw defendants, were responsible, *inter alia*, for supervising and directing investments, rendering quarterly investment inventories, selecting broker-dealers, valuing assets at fair market value and keeping plaintiffs apprised of investment performance).

Here, Defendant Advisors is alleged to control the Defendant Fund for essentially the same reasons that have been found sufficient in these three previous cases and for important additional reasons as well.  For example, similar to what the court found in *In re TCW/DW*, *supra*, Defendant Advisors has the power to direct or control the operation of the funds as investment adviser, TCAC ¶ 63(m), and also exercises control by its ownership of the proprietary mathematical formula central to the functioning of Defendants' leveraged ETFs that was misleadingly described in the Fund registration statements throughout the Class Period. TCAC ¶¶ 12, 22, 109, 112, 124, 189, 239, 258 and 284.

Similar to what the court found in *Abrams*, *supra*, Defendant Advisors serves as investment adviser to all of the funds and provides investment advice and management services to them. TCAC ¶ 63(m).  Furthermore, Defendant Advisors determines suitable counterparties for transactions in fund securities and assesses counterparty credit risk, TCAC ¶ 63(b), and assesses value investing risk for each fund. TAC ¶ 63(f).

Similar to what the court found in *Pollack*, *supra*, Defendant Advisors serves as investment adviser to all of the funds and provides investment advice and management services to them. TCAC ¶ 63(m).  Furthermore, Defendant Advisors oversees the investment and re-

investment of assets for each fund, TCAC ¶ 63(n), provides portfolio management for the funds, TCAC ¶ 63(q), and is responsible for portfolio transactions and brokerage for each fund. TCAC ¶ 63(v).

Second, going beyond what was found in these three previous cases combined, Defendant Advisors is alleged to have created and implemented further investment strategies that were misleadingly described in the registration statements, Advisor's top officers acted as such for the all of the funds, and Advisors controlled virtually every aspect of each of the funds' operations.  Thus, as stated in the registration statements, "each of the funds comprising Defendant ProShares Trust is managed by an investment advisory team consisting of seven individuals, all of whom are employees of Defendant ProShare Advisors." TCAC ¶ 63.

Third, two of Defendant Advisors' three owners have always been alleged to be control persons, and the third was added as a control person defendant when the Amended Complaint was filed. They were the top officers of Advisors and acted on behalf of Advisors in controlling the Funds. *See* CAC ¶ 89-90; ACAC ¶¶ 232-33; SCAC ¶¶ 307-08; and TCAC ¶¶ 307-08.

Fourth, besides performing the control functions that were deemed sufficient to make out a prima facie case for control person liability in the three cases cited above, Defendant Advisors also performed many additional control person functions for the Defendant Fund throughout the Class Period. *See, e.g.*, TCAC ¶ 62(c) (Advisors actively controlled aspects of the collection and distribution functions of the ProShares fund offerings, and Advisors was not only "responsible for determining and has control over the identity and number of shares of deposit securities required for a Creation Unit," but "also had control over the redemption process for all Creation Units); TCAC ¶ 63(a) (Advisors devises investment strategies for Short funds); TCAC ¶ 63(c) (Advisors assesses liquidity risks for each fund); TCAC ¶ 63(d) (Advisors assesses market price

11

variance risk for each fund); TCAC ¶ 63(e) (Advisors assesses non-diversification risk for each

fund); TCAC ¶ 63(g) (Advisors determines investments in equities and/or financial instruments

for Ultra (2x) returns); TCAC ¶ 63(i) (Advisors determines positions in financial positions in

financial instruments that will produce Short (-1x) returns); TCAC ¶ 63(k) (Advisors determines

positions in financial instruments that will produce UltraShort (-2x) returns); TCAC ¶ 63(r)

(Advisors continually monitors risk regarding repurchase agreement procedures); TCAC ¶ 63(s)

(Advisors controls the ability of each fund to pledge securities in connection with any

borrowings); TCAC ¶ 63(t) (Advisors is in charge of handling illiquid securities for the funds,

including Rule 144A restricted securities); TCAC ¶ 63(u) (Advisors determines the overall

reasonableness of brokerage commissions); and TCAC ¶ 63(x) (Advisors determines the identity

and number of shares for rebalancing Ultras).  Thus combined with the control person

allegations deemed sufficient in the three cases cited *supra*, these additional allegations of

control person liability provide more than sufficient particularity to establish Defendant Advisors

as a Section 15 defendant.[6]

---

6  Moreover, as Plaintiffs allege in the Third Amended Complaint, "on the Cover Page of the
ProShares Trust Registration Statement dated September 29, 2008, Defendant Sapir is
identified as both Chairman of ProShare Advisors **and in that capacity** as the Agent for
Service for the Registration Statement, demonstrating that Defendant Sapir was acting in his
capacity as an officer, director and owner of ProShare Advisors when acting in connection
with the ProShares Trust registration process." TCAC ¶ 65 (emphasis supplied).  Thus, it is a
reasonable inference that Defendant Sapir, when signing the various registration statements
and taking other actions on behalf of Defendant ProShares Trust during the Class Period, was
doing so as an officer of Defendant Advisors.  Plaintiffs believe that the Third Amended
Complaint makes the control relationship of Defendant Advisors clear. *See, e.g.*, TCAC ¶ 301
("Each controlling person had the power to influence and exercised the same to cause his
controlled person to engage in the unlawful acts and conduct complained of herein, and in
particular the signing of various false and misleading registration statements and other publicly
made SEC filings throughout the Class Period as alleged *supra*.").

**E.      Because The Control Person Claim To Be Asserted Against Defendant
Advisors Arises Out Of The Same Originally Alleged Facts, Relation Back Is
Mandatory And The Amendment Is Timely**

The control person claim under Section 15 that Plaintiffs seek to assert against Defendant

Advisors is not time-barred because it relates back to the original class action complaint in this

matter, *Novick v. ProShares Trust, et al.*, No. 09-cv-6935, which was timely filed on August 5,

2009 [Docket No. 1] (the "Class Action Complaint" or "CAC"). *See* Fed. R. Civ. P. 15(c)(1); *see*

*also, VKK Corp. v. National Football League,* 244 F. 3d 114, 128 (2d. Cir. 2001) ("If a

complaint is amended to include an additional defendant after the statute of limitations has run,

the amended complaint is not time barred if it 'relates back' to a timely filed complaint.").

Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading

"relates back" to the date of a timely filed original pleading and is, thus, itself timely even

though it was filed outside an applicable statute of limitations.  Rule 15(c)(1)(B) provides that an

amendment relates back to the date of the original pleading when: "the amendment asserts a

claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted

to be set out – in the original pleading."

"The purpose of Rule 15 is to provide maximum opportunity for each claim to be decided

on its merits rather than on procedural technicalities." *Slayton v. American Express Co.*, 460

F.3d 215, 228 (2d Cir. 2006); *Siegel v. Converters Transp., Inc.*, 714 F.2d, 213, 216 (2d Cir.

1983), *quoting* 6 C. Wright & A. Miller, Federal Practice and Procedure, § 1471, at 259 (1971);

*In re South African Apartheid Litig.*, 617 F.Supp.2d 228, 289 (S.D.N.Y. 2009). "For a newly

added action to relate back, the basic claim must have arisen out of the conduct set forth in the

original pleading." *Slayton*, 460 F.3d at 228; *Tho Dinh Tran v. Alphonse Hotel Corp.*, 281 F.3d

23, 36 (2d Cir. 2002), *quoting Schiavone v. Fortune*, 477 U.S. 21, 29, 106 S.Ct. 2379, 91

L.Ed.2d 18 (1986); *In re South African Apartheid Litig.*, 617 F.Supp.2d at 289.

The "central inquiry is whether adequate notice of the matters raised in the amended

pleading has been given to the opposing party within the statute of limitations by the general fact

situation alleged in the original pleading." *Slayton*, 460 F.3d at 228; *Stevelman v. Alias Research

Inc.*, 174 F.3d 79, 86 (2d Cir. 1999); *In re South African Apartheid Litig.*, 617 F.Supp.2d at 289.

In fact, "[i]f facts provable under the amended complaint arose out of the conduct alleged in the

original complaint, **relation back is mandatory**." *Slayton*, 460 F.3d at 227 (emphasis supplied).

The claim that Plaintiffs now seek to assert against Defendant Advisors is not a new

claim in the Complaints, nor is Advisors a new defendant to the Complaints.  On the contrary, as

stated above, Plaintiffs alleged in ¶ 296 of the Second Amended Complaint (and verbatim in ¶

228 of the Amended Complaint and ¶ 85 of the Class Action Complaint) that: "By reason of the

conduct herein alleged, each Defendant violated and/or controlled a person who violated, Section

11 of the Securities Act."  Further, the events complained of regarding Defendant Advisors'

Section 15 control liability arise out of the same conduct, transactions and occurrences set out in

the Plaintiffs' Complaints since the timely filing of the original Class Action Complaint [Docket

No.1].  They allege not only control (SCAC ¶ 296, ACAC ¶ 228 and CAC ¶85), but also the

factual elements supporting control: Advisors uses a "mathematical approach to investing" and

"Advisors oversees the investment and reinvestment of the [fund] assets." *See, e.g.*, CAC ¶ 7

("ProShare Advisors LLC…which serves as the investment advisor to the SRS Fund, purports to

use a straightforward mathematical approach to investing"); CAC ¶ 8 ("ProShares represents that

its ETFs operate successfully based upon an objective mathematical approach"); CAC ¶ 30

("ProShare Advisors oversees the investment and reinvestment of the assets in the SRS Fund.

14

ProShares Advisors is owned by Defendants Michael L. Sapir, Louis M. Mayberg and William

E. Seale"); and CAC ¶ 68 ("ProShares failed to disclose that mathematical compounding actually

**prevents** the SRS Fund from achieving its stated investment objective over a period of time

greater than one day") (emphasis original).  This alleges or implies control and provides

particular means of control by Advisors over the critical operations of the Funds. *See also* SCAC

¶¶ 297-99 (alleging relation back of all claims against Defendants to the filing of the original

Class Action Complaint).

Next, all three owners of Defendant Advisors have been named as "control person"

defendants under Section 15 in both the Amended and Second Amended Complaints, and two of

the three have been so named since the filing of the original Class Action Complaint.  *See, e.g.*,

CAC ¶¶ 30, 88 – 90.  Their conduct and their status as officers of Advisors are now

unambiguously alleged to make Advisors a control person in the TCAC. *See, e.g.,* TCAC ¶¶ 62,

63, 109, 112, 284 and 307.

Plaintiffs have also satisfied the further relation back requirements of Rule 15(c)(1)(C),

which provides that if Rule 15(c)(1)(B) is satisfied, as Plaintiffs have amply demonstrated

herein, the proposed amendment is permitted to change the party or the naming of a party against

whom a claim is asserted to correct a mistake, providing certain further conditions regarding

notice and imputed knowledge are met.[7]  Here, there might be some doubt at the pleading stage

---

7 An amendment may also change the party or name of the party against whom a claim is asserted after
   the statute of limitations has run if the claim relates back to the timely filed complaint if: (1) the
   amendment asserts a claim that arose out of the "conduct, transaction or occurrence" set out – or
   attempted to be set out -- in the original pleading; and (2) within the period provided by Rule 4(m) for
   serving the summons and complaint (i.e., within 120 days of the filing of the original complaint), the
   newly named defendant: (i) "received such notice of the action that it will not be prejudiced in
   defending on the merits" and (ii) "knew or should have known that the action would have been brought
   against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C).

as to whether Defendant Advisors may have controlled the actions of the Individual Defendants and Defendants, or whether the Individual Defendants, through their ownership and management positions in Advisors, were in fact controlling Advisors in the performance of the many control functions by Advisors over the Funds as alleged above.  There can be no doubt, however, that Advisors was well aware of all of the necessary allegations that could have established its liability as a control person since the filing of the original Class Action Complaint.

Finally, Defendant Advisors had timely *actual* notice of this action as they have been named as a Section 11 defendant in all of the Complaints, based upon the same alleged facts and circumstances giving rise to control person liability under Section 15.  This is far more than the threshold requirement of constructive notice to Advisors. *See Muhammad v. Pico,* No. 02 Civ. 1052 AJP, 2003 WL 21792158 at *20 (S.D.N.Y. 2003) (actual or formal notice is not required; constructive notice is sufficient).  Advisors has been on notice of each and every claim in this action since the timely filing of the Class Action Complaint in August of 2009. *See* Rule 15(c)(1)(C)(i).

Where an amended pleading changes a party or a party's name, the Rule requires, among other things, that "the party to be brought in by amendment ... knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." *See* Rule 15(c)(1)(C)(ii); *see also Krupski v. Costa Crociere S.p.A.,* - U.S. -, 130 S. Ct. 2485, 2490, 177 L. Ed. 2d 48 (2010) (relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading").  Moreover, the Court can impute knowledge of all of the claims in the instant suit to Advisors through their attorney, as the same attorney represented those parties who were named as Defendants in the original Class Action Complaint.

16

*See Berry v. Village of Millbrook,* No. 09-CV-4234 (KMK), 2010 WL 3932289, at *4 n.6

(S.D.N.Y. 2010) (*see* cases gathered therein).  This element is clearly satisfied because, as shown

above, Advisors knew of the facts, claims and parties to this action since the original Class

Action Complaint was filed in August 2009.

Based upon all the facts here, Plaintiffs respectfully submit that this Court should, in its

discretion, permit relation back of the Complaints and the "control person" claim against

Defendant Advisors under both Fed. R. Civ. P. 15(c)(1)(B) and Fed. R. Civ. P. 15(c)(1)(C).

<u>**CONCLUSION**</u>

For all of the foregoing reasons, this Court should grant leave to file the Third Amended

Complaint in the form of the proposed Third Amended Consolidated Class Action Complaint

submitted herewith.

Dated:  August 26, 2011                                  Respectfully submitted,

**LOVELL STEWART HALEBIAN JACOBSON
LLP**

/s/ Victor E. Stewart
Christopher Lovell (CLovell@lshllp.com)
Victor E. Stewart (vestewart@lshllp.com)
Fred T. Isquith, Jr. (fisquith@lshllp.com)
61 Broadway, Suite 501
New York, NY 10006
Telephone:  (212) 608-1900
Facsimile:  (212) 719-4677

**ZAMANSKY & ASSOCIATES, LLC**
Jacob H. Zamansky (Jake@zamansky.com)
Edward H. Glenn, Jr. (eglenn@zamansky.com)
Kevin D. Galbraith (kevin@zamansky.com)
50 Broadway, 32nd Floor
New York, NY 10004
Telephone:  (212) 742-1414
Facsimile:  (212) 742-1177

17

*Co-Lead Counsel for Lead Plaintiff and Proposed Class*

**BERNSTEIN LIEBHARD LLP**
Sandy A. Liebhard (liebhard@bernlieb.com)
U. Seth Ottensoser (ottensoser@bernlieb.com)
Joseph R. Seidman, Jr. (seidman@bernlieb.com)
Brian Lehman (lehman@bernlieb.com)
10 East 40th Street, 22nd Floor
New York, NY 10016
Telephone:  (212) 779-1414
Facsimile:  (212) 779-3218

**GILMAN AND PASTOR, LLP**
Kenneth Gilman
Rene Potkay
16 14th Avenue
Wareham, MA  02571
Telephone:  (508) 291-8400
Facsimile:  (508) 291-3258

*Additional Plaintiffs' Counsel*

18