UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE PROSHARES TRUST           : x
SECURITIES LITIGATION           :   Civil No. 1:09-cv-06935-JGK
                                :
                                :x  **DECLARATION OF VICTOR E.
                                      STEWART**

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

I, VICTOR E. STEWART, hereby declare pursuant to 28 U.S.C. § 1746:

1) I am a member of the Bar of this Court in good standing and am a partner of the law firm of Lovell Stewart Halebian Jacobson LLP, 61 Broadway, Suite 501, New York, New York 10006. As such, I am familiar with the facts and circumstances set out below. I submit this Declaration in support of Plaintiffs' Motion For Leave To Amend Complaint being made pursuant to Fed. R. Civ. P. 15.

2) On January 31, 2011, Plaintiffs filed their Second Amended Consolidated Class Action Complaint (the "Second Amended Complaint") in this matter. A copy of the Second Amended Complaint is attached hereto as Exhibit A.

3) The Second Amended Complaint sets forth three causes of action, including claims under Sections 11 and 15 of the Securities Act of 1933. In the Second Amended Complaint, Defendant ProShare Advisors LLC ("Advisors") is named as a defendant under Section 11 of the Securities Act but not under Section 15. Plaintiffs now seek leave from this Court to name Defendant Advisors as an additional defendant in their Section 15 claim.

4) Attached hereto as Exhibit B is a revised version of the Second Amended Complaint marked to show the proposed changes that Plaintiffs intend to make should their motion be granted (the "Third Amended Consolidated Class Action Complaint" or "Third Amended Complaint").  Those changes regarding Defendant Advisor's control person status would occur in ¶¶ 12, 22, 62, 63, 65, 66, 74, 109, 112, 124, 189, 239, 258, 284 and 307.  Other necessary conforming changes would occur in ¶¶ 297, 298, 299, 301, 302 and 303.

5) Defendant Advisors has been named as a Section 11 defendant in pre-consolidated class action suits in this matter since the filing of the original class action complaint in this matter, *Novick v. ProShares Trust*, No. 09-cv-6935, on August 9, 2009 (Docket No. 1), and two of the three owners of Defendant Advisors, Defendants Michael L. Sapir and Louis M. Mayberg, have also been named as Section 15 defendants since that time.  Since the filing of the Amended Consolidated Class Action Complaint on September 25, 2010 (Docket No. 141), all three owners of Defendant Advisors (now including William E. Seale) have been named as Section 15 defendants.

6) In the *Novick* complaint, several of the key operational areas over which Defendant Advisors has control were alleged as the cause of the false and misleading information contained in the registration statements.  *See, e.g.*, *Novick* Complaint ¶ 63 (use of leveraged investment techniques); *Novick* Complaint ¶ 68 (failure to disclose true mathematics behind ETF performance).  Thus control person allegations regarding Defendant Advisors have been alleged and known to Defendant Advisors since the earliest complaints filed in this matter.

7) Moreover, ¶ 296 of the Second Amended Complaint **already** alleges that: "By reason of the conduct herein alleged, each Defendant [which by definition includes Defendant Advisors] violated and/or controlled a person who violated, Section 11 of the Securities Act." [1]

8) On March 17, Defendants moved to dismiss the Second Amended Complaint.

9) On June 13, 2011, the Supreme Court rendered its decision in *Janus Capital Group v. First Deriv. Traders*, No. 09-525, 564 U.S. - , 2011 WL 2297762 (2011), and on the same day that Defendants filed their reply brief on their motion to dismiss, June 15, 2011, they requested leave of this Court to submit supplemental briefing on why the *Janus* decision created a basis to remove Defendant Advisors from liability under Section 11.

10) Over the course of two telephone calls on June 29 and June 30, 2011, Plaintiffs then sought agreement from Defendants that in order to avoid unnecessary litigation, Plaintiffs would drop Defendant Advisors as a Section 11 defendant if Defendants would stipulate to Defendant Advisors being added as a Section 15 defendant.  Defendants would not agree.

11) On July 6, 2011, this Court granted Defendant Advisors' motion to file a Supplemental Memorandum regarding *Janus*, and on July 20, 2011, the parties submitted their Supplemental Reply memoranda, completing the briefing permitted by the Court.

12) In an abundance of caution over the possible effects of the *Janus* decision, Plaintiffs now seek leave to add Defendant Advisors as a Section 15 defendant, and submit that the proposed Third Amended Complaint contains more than sufficient allegations of control person liability on the part of Defendant Advisors.

---

1 Furthermore, the Amended Complaint (ACAC ¶ 228) and the original Class Action Complaint (CAC ¶ 85) contained the **same** allegation.

13)  No discovery has taken place in this litigation, and Defendants have not answered the Second Amended Complaint or any other complaint in this action.  Defendants have had the same counsel since the inception of this litigation, and have been apprised of all of Plaintiffs' theories of liability since that time.  Accordingly, Defendants would not be prejudiced in any way by the addition of Defendant Advisors as a Section 15 defendant at this point in the litigation.

WHEREFORE, for all of the foregoing reasons, Plaintiffs respectfully request that their motion to amend their Second Amended Complaint be granted in all respects, and that this Court grant Plaintiffs such other and further relief as the Court deems just and proper.

Dated: New York, New York
       August 26, 2011

                                               /s/ Victor E. Stewart

                                               Victor E. Stewart (VS 4309)